### J. W. SEAGER and Others v. LEO S. LAMM.[1]

June 30, 1905.

Nos. 14,328—(155).

**Bankruptcy—Preference.**

Whether a given transaction in the form of a recordable instrument constitutes a preference within the meaning of the federal bankruptcy act must be determined by the facts existing at its inception, and not at the time of its record.

**Failure to Record.**

If in fact it was a preference when it was executed, it may be avoided by filing a petition in bankruptcy by or against the maker thereof within four months after its record; but, if it was not originally a preference, a failure to record it until the maker became insolvent does not make it one.

Appeal by plaintiffs from an order of the district court for Watonwan county, Lorin Cray, J., denying a motion for a new trial, after a trial and amended findings in favor of defendant dismissing the action. Affirmed.

*J. L. Lobben,* for appellants.

*A. E. Clark,* for respondent.

1 Reported in 104 N. W. 1.

START, C. J.

The plaintiffs, as trustees in bankruptcy of the estate of Moses K. Armstrong, brought this action in the district court of the county of Watonwan to set aside as preferences certain real estate mortgages executed by him to the defendant's testate, Stephen Lamm. The here material facts and conclusions of law as found by the trial court are to the effect following, namely: On different dates between August 27, 1896, and December 5, 1902, Moses K. Armstrong duly made and delivered to Stephen Lamm the several mortgages here in question upon land then owned by him, and which he continued to own until he was adjudged a bankrupt. Each of the mortgages was given to secure a loan of money to the full amount thereof made at the time of its execution and delivery. The mortgages were recorded in the office of the register of deeds of the proper county on October 29, 1903, and not before. On November 24, 1903, Moses K. Armstrong, the mortgagor in the several mortgages, was duly adjudged a bankrupt, and on December 21 following the plaintiffs were duly appointed trustees of his estate. The trial court in its original findings found, in effect, that Mr. Armstrong was insolvent to the knowledge of Mr. Lamm at the time the mortgages were recorded, and that he caused them to be recorded with the intention of gaining, and did thereby gain, a preference over the other creditors of the mortgagor; and as a conclusion of law that the mortgages be set aside as preferences. This finding, however, upon the defendant's motion to amend the findings, was stricken out, and as a conclusion of law judgment was directed for the defendant dismissing the action upon the merits. The plaintiffs appealed from an order denying their motion for a new trial.

No claim is or can be made under the evidence that the mortgages were not given in good faith in the ordinary course of business upon a new and full consideration at a time when the mortgagor was solvent, and none of them were given to secure any pre-existing indebtedness. Nor was there any evidence that any creditor of the mortgagor had acquired any lien on the mortgaged premises before the mortgages were recorded. If, then, as claimed by the defendant, the question whether the mortgages constituted preferences within the meaning of the bankruptcy act is to be determined by the facts existing at the time they were made and delivered—that is, by the character of

the original transactions—it is clear that none of them constitutes a preference, and that the conclusions of law of the trial court were right whether the mortgagor was or was not insolvent when the mortgages were recorded. This necessarily follows from the definition of a preference as defined in section 60 of the bankruptcy act (Act July 1, 1898, c. 541, 30 St. 562 [U. S. Comp. St. 1901, 3445]), which, so far as here material, is as follows:

> (a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. (Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.) (b) If a bankrupt shall have given a preference and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by trustee, and he may recover the property or its value from such person.

The words which we have enclosed in parentheses were not in the original act, but were added by the amendment of February 5, 1903. Act Feb. 5, 1903, c. 487, § 13, 32 St. 799 [U. S. Comp. St. Supp. 1903, 416]. The amendment, however, does not change the meaning of a voidable preference as defined by the original act.

The essential elements of such a preference, as defined by the act, are the debtor at the time of the transaction must have been insolvent, there must have been a pre-existing debt paid or secured by the transaction within four months before the filing of the petition in bankruptcy, and the creditor must have had reasonable cause to believe that a preference was thereby intended. All of these elements were wanting

in the original transactions in this case, which were on a cash basis, for the mortgagor received at the time a sum of money equal to the amount of each mortgage that he gave. The amendment does not purport to change in any manner the definition of a voidable preference as contained in the original act. Its purpose seems to be manifest. It was to remedy a defect in the original law, which, in legal effect, provided that the four-months limitation should begin at the date of the delivery of a preferential instrument, instead of the date of its record. This enabled creditors to obtain from their insolvent debtors preferences and conceal them for four months, and thereby defeat the very purpose of the law. The defect was remedied in part by the amendment, which excludes the time between the delivery and the recording of the instrument from the four-months limitation. That is, the four months before the filing of the petition within which time a transaction having the characteristics of a preference may be avoided as such shall not expire in the case of recordable instruments until four months after they are recorded. In such cases the four months begin to run from the date of record, and not from the date of delivery as the original act provided. Collier, Bank. (5th Ed.) 453.

Such being the purpose and effect of the amendment, it logically follows, and we so hold, that the question whether a given transaction in the form of a recordable instrument constitutes a preference within the meaning of the federal bankruptcy act must be determined by the facts existing at its inception, and not at the time of its record. The preference, if there be one, is given when the instrument witnessing the transaction is delivered, and not when it is recorded. If in fact it was a preference, it may be avoided by the filing of a petition in bankruptcy by or against the maker thereof within four months after the record; but, if it was not originally a preference, a failure to record it until the maker becomes insolvent does not make it one. Bradley Clark & Co. v. Benson, 93 Minn. 91, 100 N. W. 670; Halbert v. Pranke, 91 Minn. 204, 97 N. W. 976; Dean v. Plane, 195 Ill. 495, 63 N. E. 274; In re New York Economical Printing Co., 110 Fed. 514, 49 C. C. A. 133; In re Thompson (D. C.) 122 Fed. 174; In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 248. It follows that the mortgages here in question were not preferences within the meaning of the bankruptcy act, they having been given at a time when the

mortgagor was solvent, to secure a loan of money, and not to secure any pre-existing debt. Joseph Schlitz Brewing Co. v. Childs, 65 Minn. 409, 68 N. W. 65.

Counsel for the plaintiff cites G. S. 1894, § 4243, but it is not here relevant, as it relates exclusively to preferences under our state insolvency act. The sole basis of this action is that the mortgages are preferences under the bankruptcy act. Nor does G. S. 1894, § 4180, requiring real estate mortgages to be recorded, affect the question of the validity of these mortgages, for a real estate mortgage, although unrecorded, is good as between the parties, and voidable only as against subsequent bona fide purchasers, and as against any attachment or judgment against the person in whose name the title to the land appears of record prior to the time of recording the mortgage. The undisputed facts in this case then sustain the direction of the trial court that judgment be entered for the defendant dismissing the action upon the merits.

Order affirmed.