# JOSEPH UNDERLEAK v. ZOLA MAY SCOTT and Others.[1]

February 9, 1912.

Nos. 17,408—(221).

**Bankruptcy — avoidance of conveyance by trustee.**

Under section 67e of the bankruptcy act of July 1, 1898, a trustee in bankruptcy cannot avoid a conveyance executed and delivered by the bankrupt more than four months prior to the filing of the petition, though such conveyance is filed for record within the four months period.

**Same.**

Under section 70e of the bankruptcy law the trustee may avoid any transfer by the bankrupt of his property which any creditor might have avoided under the common law or the statutes of the state, whether such transfer is made within four months prior to the filing of the petition or not.

**Avoidance of transfer by creditor — intent of debtor.**

Under the laws of this state, a creditor may avoid a transfer made with intent to hinder, delay, or defraud creditors. Such intent of the debtor is essential to the fraudulent character of the transfer. A voluntary conveyance is presumptively fraudulent as to existing creditors, but not conclusively so. Where the debtor is solvent, and retains sufficient property to amply satisfy the claims of existing creditors, in the absence of an actual intent to hinder, delay, or defraud creditors, such a transfer is valid.

**Insolvency of debtor — exempt property.**

The definition of what constitutes "insolvency," contained in section 1, subd. 15, of the bankruptcy act does not control in determining whether a debtor was insolvent, so as to make a voluntary conveyance fraudulent

[1]Reported in 134 N. W. 731.

---

[Note]   When local law deemed to require the registering or recording of a transfer, within the meaning of § 60a of the bankruptcy act of 1898 as amended by the act of 1903, see notes in 5 L.R.A.(N.S.) 148; 18 L.R.A.(N.S.) 1233.

Voidability of transfer within four months' period, pursuant to executory agreement antedating that period, see note in 17 L.R.A.(N.S.) 935.

Right of creditor of bankrupt to set aside transfer in fraud of creditors, see note in 10 L.R.A.(N.S.) 305.

Intent on part of bankrupt to create a preference as a condition of a voidable preference under § 60b, see note in 33 L.R.A.(N.S.) 558.

under the laws of this state. Hence the exempt property of the debtor is not to be considered in determining the value of the assets retained. Nor is a debt that is amply secured by mortgage on the property conveyed to be included in determining whether the debtor has retained assets amply sufficient to satisfy existing claims.

**Conclusion sustained by findings of fact.**

The findings of the trial court that the debtor had no intent to hinder, delay, or defraud his creditors, that he was solvent, and retained property exempt from execution of a reasonable value in excess of his debts, sustain the conclusion of law that the transfer was not void.

Action in the district court for Olmsted county by the trustee in bankruptcy of David W. Scott, bankrupt, to set aside a certain deed and subject the land described to payment of the bankrupt's debts. The case was tried before Snow, J., who made findings and as conclusion of law found that defendants were entitled to a dismissal of the action on the merits. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*E. W. Rossman* and *Burt W. Eaton,* for appellant.

*M. D. Halloran* and *Thomas Fraser,* for respondents.

BUNN, J.

February 14, 1910, defendant David W. Scott filed a petition in bankruptcy and was duly adjudged a bankrupt. Plaintiff was appointed trustee in bankruptcy, and brought this action to set aside a deed to eighty acres of land made by Scott to his daughter, defendant Zola May Scott. The complaint alleged that the deed was filed for record by David W. Scott December 4, 1909; that he was then insolvent, and had been at all times during the year 1909; that the deed was without consideration, and given with intent to delay, hinder, and defraud his creditors, with an agreement by the daughter to hold the title in trust for the grantor. The answers of defendants alleged that the deed was made and delivered March 25, 1909, and denied that Scott was insolvent, or that the deed was given with intent to defraud creditors. The issues were tried by the court, and

a decision made in defendants' favor. Judgment was entered on the decision, and plaintiff appealed.

As there is no settled case or bill of exceptions, the question of the sufficiency of the evidence to sustain the findings is not before us. It is contended by plaintiff that the conclusions of law are not sustained by the findings of fact, and that on these findings the court should have ordered judgment setting aside the deed. The facts found by the trial court are substantially as follows:

David W. Scott and Josephine Scott are husband and wife, and Zola May Scott is their daughter and only child. They have lived in Fillmore county, Minnesota, for more than ten years. On and for some years prior to March 25, 1909, David W. Scott owned the eighty-acre tract in question, and on that day he and his wife duly signed in the presence of two witnesses a warranty deed of said land running to the daughter, and on the first or second day thereafter "duly, actually, and permanently" delivered said deed to her. The deed was recorded December 4, 1909. The grantee therein assumed a mortgage for $2,500 on the land. There was no actual intent or purpose on the part of the grantors or grantee to hinder, delay, or defraud any creditor of David W. Scott by the execution and delivery of the deed. There was, however, no consideration for said deed, other than the love and affection of the grantors for the daughter.

At the time the deed was delivered David W. Scott was indebted in the aggregate amount of $2,492.04 unsecured, and in the sum of $2,593.75 to the First National Bank of Chatfield, amply secured by a mortgage on the land conveyed by said deed. Of the unsecured indebtedness existing at the date of the deed, $748.83 was paid by Scott before the day the deed was recorded. In the meantime he had incurred new and unsecured debts to the amount of $1,400. When the deed was delivered, Scott had property not exempt from execution, exclusive of the conveyed land, of the reasonable value of $2,500, and property exempt from execution of the reasonable value of $3,000, and "as a conclusion of mixed law and fact the court finds that said David W. Scott was not then insolvent."

After the delivery of the deed, and before it was recorded, the land

was in the possession of a tenant, to whom it had been leased before the deed was given. Scott attended to the management of the land, and a considerable portion of the proceeds was used to defray the daughter's expenses while attending school away from home. What was done with the rest of the proceeds did not appear from the evidence. During this period Scott represented to two different commercial agencies that he was the owner of the land, and some of the persons to whom he became indebted during this interval extended credit to him in reliance in part on these statements; but the daughter neither authorized, consented to, nor knew of these representations, was entirely ignorant of her father's financial condition, and neither in omitting to record the deed nor in suffering her father to manage the land did she have any intent to defraud, delay, hinder, or mislead any person, or to give her father a fictitious appearance of financial worth or responsibility. The plaintiff, as trustee, has converted into money all the unexempt property of the bankrupt, and the proceeds will suffice to pay but a small percentage, if any at all, of the amount of claims allowed against the bankrupt's estate.

1. Under section 67e of the bankruptcy act, all conveyances made or given by a bankrupt within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, are null and void as against his creditors, and the trustee may recover the property conveyed for the benefit of the creditors. Plaintiff contends that the conveyance was "made or given" at the time it was filed for record, and therefore, as it was without consideration, and the grantor was insolvent at this time, it was fraudulent as against creditors of the grantor, even in the absence of an intent to hinder, delay, or defraud creditors.

We may concede, and it is probably correct, that if the conveyance was made or given within four months prior to the filing of the petition the conclusion would follow that it could be set aside in this action. But the difficulty is in holding that a conveyance is not made or given when it is executed and delivered. A conveyance is valid, without being recorded, save as to subsequent purchasers in good faith and as to attachments and judgments prior to the recording of

the conveyance. R. L. 1905, § 3357. In the commonly accepted meaning of the words, a deed is "made" or "given" when it is delivered. The title passes then. Record is necessary to protect the grantee, but is no part of the making or giving of the instrument. We cannot distort the plain meaning of the words used. It would have been very easy to have provided that the date of recording should be deemed the date when the conveyance was made; but without such a provision we must hold that under section 67e of the bankruptcy act a conveyance is made or given when it is delivered, and therefore that the four months limitation prevents recovery by the trustee under this section.

The cases under section 60a of the bankruptcy act of 1898 as amended by the act of 1903 are clearly not in point. That section relates wholly to preferences, and the amendment expressly provided that, "where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required." It is clear that this provision has no application to fraudulent transfers that are not preferences, and that the transfer sought to be set aside in this case was not a preference. It is therefore unnecessary to discuss section 60a as amended, but reference may be made to the following cases interpreting its meaning: Seager v. Lamm, 95 Minn. 325, 104 N. W. 1; First Nat. Bank v. Connett, 142 Fed. 33, 73 C. C. A. 219, 5 L.R.A.(N.S.) 148; Loeser v. Savings Deposit Bank & Trust Co. 148 Fed. 975, 78 C. C. A. 597, 18 L.R.A.(N.S.) 1233, and note.

2. Section 70e of the bankruptcy act of 1898 provides that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided." Under this provision it is not necessary that the transfer be made within four months prior to the filing of the petition. It includes fraudulent conveyances which are so by common law, by statute law, and by any other recognized rule of law other than the special provisions of the bankrupt statute. To give the trustee the title to property transferred by the bankrupt, and a right to recover such property, the

conveyance must be fraudulent as to creditors under the common law or statute law. There must be fraud in fact, as distinguished from the constructive fraud that is sufficient where it is so provided in the bankruptcy act. Loveland, Bankruptcy (3d ed.) § 158; 1 Remington, Bankruptcy, §§ 1216, 1217.

3. The inquiry then is: Could a creditor of David Scott have avoided this conveyance to his daughter as fraudulent under the law of this state? If he could, then the trustee in bankruptcy may do so, but otherwise not.

We are met at the outset by the finding of the trial court that there was no intent to hinder, delay, or defraud creditors. We must assume this finding to be supported by the evidence, and unless other facts found show conclusively such fraudulent intent the conclusions of law must be sustained. The question of fraudulent intent is one of fact, unless the intent appears conclusively from the face of the instrument. A voluntary conveyance is presumptively fraudulent as to existing creditors, but it has long been settled in this state that it is not conclusively so. Filley v. Register, 4 Minn. 296 (391), 77 Am. Dec. 522. An intent by the grantor to hinder, delay, or defraud his creditors is a necessary element. The intent must exist at the time the transfer is made. It may be implied conclusively from the circumstances surrounding the transfer, as where a debtor is insolvent, or fails to retain sufficient property to amply satisfy existing claims against him.

But the question whether the debtor was insolvent, or whether he retained property sufficient to pay his existing creditors, is also a question of fact, to be determined by the jury or the court as the case may be. The rule undoubtedly is that the debtor must retain enough property to amply satisfy his creditors. But the trial court in this case has found that the reasonable value of the unexempt property retained by Scott was greater than the sum of his then existing debts, and that he was solvent at the time. It is true that the figures show but a slight excess of assets; but a finding that they were of the reasonable value of $2,500 is equivalent to a finding that they would produce that sum, had the creditors then sought to collect their

claims. The evidence is not before us, and we cannot say that the creditors could not have received payment in full out of the unexempt property retained by Scott, if they had pressed their claims at the time. The fact that the unexempt property owned by the bankrupt a year later brought much less at a forced sale cannot be considered as evidence of the value of his property at the time of the conveyance, much less as sufficient to overturn the finding of the trial court.

4. We do not assent to the proposition that the exempt property of the debtor is to be considered in determining the question of his solvency. The decisions holding to this view are based on the language of section 1, subd. 15, of the bankruptcy act, defining when a person shall be deemed "insolvent" within the provisions of the act. But, granting that this construction of subdivision 15 is correct, under section 70e the fraudulent character of the conveyance is not to be determined from the language of the bankruptcy act, but from the laws of this state. The incidental question of what constitutes insolvency should also be decided according to such laws. We therefore dispose of the case on the theory that the exempt property of the debtor is not to be considered. The trial court was right, however, in excluding from the indebtedness of Scott, in determining his solvency, the debt that was secured by a mortgage on the tract conveyed.

We have not thought it necessary to cite authorities to the different propositions of law above stated. Most of them are thoroughly well settled. We refer to Dunnell, Minn. Digest, §§ 3844, 3846, 3848, 3872, 3873; Dorwin v. Patton, 101 Minn. 344, 112 N. W. 266; Hessian v. Patten, 154 Fed. 829, 83 C. C. A. 545.

We hold that the conclusions of law are justified by the facts found, and that the judgment in favor of defendants must stand.

Judgment affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.