**In re Joseph J. FUNKET & Kathleen M. Funket, his wife, Debtors.**

**Joseph J. FUNKET & Kathleen M. Funket, his wife, Plaintiffs,**

v.

**BEACON CONSUMER DISCOUNT COMPANY, a/k/a Avco Financial Services, Defendant.**

**Bankruptcy No. BK 5–79–00928. Adv. No. 5–81–0027.**

United States Bankruptcy Court, M.D. Pennsylvania.

April 21, 1982.

John H. Doran, Wilkes-Barre, Pa., for plaintiff.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiffs herein, the debtors, commenced this adversarial action to avoid a lien obtained by the defendant. The debt-

ors claim that the lien is avoidable since it was obtained in violation of the Bankruptcy Code.

The facts of the case are as follows. Joseph J. Funket and Kathleen M. Funket filed a petition under Chapter 7 of the Bankruptcy Code on November 30, 1979. Funket owns a one-half interest in a certain parcel of property located in Salem Township, Luzerne County, Pennsylvania. The other one-half interest is owned by Funket's former wife who is not a party in this action. A mortgage on the property was executed in favor of the defendant on June 28, 1977. Funket claimed his interest in the property as part of his bankruptcy exemptions. The defendant did not record the mortgage until January 10, 1980, more than one month after the commencement of bankruptcy. At the behest of the debtors, the defendant removed the mortgage from record. The debtors received a discharge of debts on April 3, 1980. Five days later the case was closed. The defendant again recorded its mortgage on August 10, 1980. The instant adversarial action to discharge this mortgage was commenced on January 27, 1981.

The debtors contend that the defendant's attempt to perfect its mortgage through recordation following the debtors' discharge violates § 524(a)(2) of the Bankruptcy Code since that section enjoins all collection efforts against discharged debts. The defendant contends: that this Court has no jurisdiction to entertain this action since the case is closed; that the case should not be reopened to afford the debtors relief because the debtors are guilty of laches; and that if the lien is avoided it should be avoided only to the extent that it impairs Funket's claimed exemption in the property.

## DISCUSSION

 The filing of a voluntary petition under the Bankruptcy Code operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). As stated in the legislative history of this section, "[t]o permit lien creation after bankruptcy would give certain creditors preferential treatment by making them secured instead of unsecured." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6298. Consequently, the defendant's recordation of the mortgage on January 10, 1980, was a violation of § 362(a)(4) and was thus a nullity even prior to the defendant's subsequent removal of that recordation. As a result, the mortgage was not a perfected lien at any time during the pendency of the bankruptcy proceedings. Therefore, the defendant had nothing more than an unsecured, personal obligation against Funket. This unsecured obligation was extinguished on April 4, 1980, when the Court granted the debtors a discharge of debts. Subsequent to that date the defendant had neither an enforceable secured claim nor unsecured claim against Funket. The defendant's second recordation of the mortgage subsequent to the closing of the debtors' bankruptcy does not change this result due to § 524(a)(2). That section states that:

(a) A discharge in a case under this title—

\* \* \* \* \* \*

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived;

This section bars a creditor from using any means, including recordation of a mortgage, to obtain payment of a discharged debt. As stated in the legislative history of § 524(a):

Subsection (a) specifies that a discharge in a bankruptcy case voids any judgment to the extent that it is a determination of the personal liability of the debtor with respect to a prepetition debt, and operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, including telephone calls, letters, and personal contacts to collect, recover or

offset any discharged debt as a personal liability of the debtor, or from property of the debtor, whether or not the debtor has waived discharge of the debt involved. The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. This paragraph has been expanded over a comparable provision in Bankruptcy Act § 14(f) to cover any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employees, harassment, threats of repossession and the like. The change is consonant with the new policy forbidding binding reaffirmation agreements under proposed 11 U.S.C. § 524(d), and is intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it. In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365–66 (1977), U.S.Code Cong. & Admin. News 1978, p. 6321–22. Consequently, § 524(a)(2) bars the defendant from recording his mortgage following the discharge of the debtor since such a recordation is an attempt to collect upon a discharged debt.

█ The defendant contends that this Court has no jurisdiction to afford the debtors relief following the closing of the bankruptcy estate unless the estate is reopened. The defendant presents no authority in support of this position. We find the defendant's contention without merit. The jurisdictional authority of the Bankruptcy Court is found at 28 U.S.C. § 1471. Subsection (e) of that section states that: "The bankruptcy court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case." The instant action is a proceeding to strike the recordation of a mortgage against property of the debtor. Since this action controverts the debtor's right to full and clear title of his property, on its face the action falls within the jurisdiction of the Court. Although various types of relief requested following the closing of an estate can be granted only after the estate has been reopened, the defendant has cited no authority for his contention that the estate in the instant case must be reopened before this Court can strike the defendant's mortgage. Therefore, we find that the Court has jurisdiction to afford the relief requested without reopening the estate.

█ The defendant also contends that the debtors are guilty of laches. Laches requires inexcusable delay in commencing an action and resulting prejudice. *Gardner v. Panama Railroad Co.*, 342 U.S. 29, 31, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951). The debtors commenced the instant action five and one-half months after the defendant recorded its mortgage for the second time. Under the facts of the present case we find that a delay in commencing this action of five and one-half months is not inexcusable nor unreasonable. Furthermore, the defendant has not averred any prejudice resulting from the delay of the debtors. We find the defendant's claim of laches without merit.

█ The defendant lastly contends that the mortgage should be avoided only to the extent that it impairs Funket's exemptions. This contention must fail since the defendant's entire mortgage is void *ab initio* since the requisite recordation was in violation of § 524(a)(2) of the Bankruptcy Code. Consequently, the entire mortgage is void.

This opinion constitutes findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure.