BRIGHT, Circuit Judge.
Mobilehome Marketing, Inc. (Mobile-home) appeals from the district court’s[1] order affirming the bankruptcy court’s decision to deny relief from the automatic stay under 11 U.S.C. § 362(d) (Supp. Ill 1979) to a creditor with an unperfected security interest. Mobilehome argues on appeal that its security interest was perfected under South Dakota law and that the stay therefore should have been lifted, allowing Mobilehome or its assignee, the First National Bank of Denver, to repossess the property subject to the security interest. Additionally, Mobilehome contends that the debtors have no standing to contest the lien or that on equitable grounds the lien is enforceable against the debtor, who claims the mobile home as exempt property.
We affirm the district court’s refusal to give Mobilehome relief from the automatic stay. We also conclude that other claims made here by Mobilehome are not ripe for adjudication, but should be made in the first instance to the bankruptcy court.
1. Background.
On January 30, 1980, George and Carole Turley bought a mobile home from Mobile-home, and had Mobilehome deliver it to South Dakota, where they began residing in it. In connection with the sale, the Turleys executed a credit sale agreement, a sales contract-disclosure statement, and a severance agreement. After the sale, Mobile-home agreed to locate long-term financing for the Turleys, in order to reduce the size of their monthly payments. Until such financing could be arranged, Mobilehome assigned the loan to the First National Bank of Denver and agreed to make up the difference between the desired lower payments ($585/month) and the current higher payments ($715/month).
In April 1980, the Turleys completed the application necessary to obtain a South Dakota motor vehicle title for the mobile home and delivered it to Mobilehome. Four months later, the Turleys filed a petition for bankruptcy, and they have made no further payments to Mobilehome. Mobile-home did not execute and file the application for title, noting its lien thereon, until September 23, 1980, almost two months after the Turleys filed for bankruptcy on August 5, 1980. The reason offered for the delay was that once the certificate of title issued, the mobile home would be regarded as used and would no longer be eligible for long-term financing. Because Mobilehome was in the process of securing long-term financing, it delayed filing the title application.
This action commenced when the First National Bank of Denver[2] filed a “Complaint to Reclaim Property,” requesting the return of the Turleys’ mobile home. The complaint named the Turleys as defendants, but did not join the bankruptcy trustee, even though the mobile home is presumably part of the estate in bankruptcy. Mobile- *1026 home joined the action as a third-party defendant. The bankruptcy court construed the complaint as a request for relief from the automatic stay of proceedings against the Turleys under 11 U.S.C. § 362(d). The bankruptcy court determined that the bank was not entitled to relief from the stay because under South Dakota law its security interest was unperfected as of the date the Turleys filed their bankruptcy petition. Accordingly, the bank could not defeat the bankruptcy trustee’s interest as a hypothetical judicial-lien creditor. Mobilehome appealed to the district court, which affirmed the bankruptcy court. This appeal followed.
II. Discussion.
To obtain relief from an automatic stay under 11 U.S.C. § 362(d), a creditor must show the court that its interest in the debtor’s property is sufficiently clear and in need of protection to justify exempting the property from the normal course of bankruptcy proceedings. Mobilehome argues on appeal that it is entitled to relief from the automatic stay because the security interest in the mobile home was perfected under the South Dakota Motor Vehicle Code. The Turleys deny that Mobilehome had a perfected security interest under South Dakota law.
The commencement of a bankruptcy case creates an estate. 11 U.S.C. § 541(a)(1) (Supp. Ill 1979) provides:
§ 541. Property of the estate
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the ease.
The Turleys’ interest in the mobile home at the commencement of the bankruptcy case is a right of possession as evidenced by the credit sale agreement and the sales contract-disclosure statement. The Turleys’ right of possession, however, passed to the bankruptcy estate pursuant to 11 U.S.C. § 541. The creditor’s interest in the mobile home at the commencement of the bankruptcy case is a right to payment and a right to perfect its security interest as evidenced by the credit-sale agreement. The trustee’s interest in the mobile home at the commencement of the bankruptcy case is that of a hypothetical judicial lien-creditor. 11 U.S.C. § 544(a)(1) (Supp. Ill 1979) provides:
§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists[.]
South Dakota law provides that an unperfected security interest is subordinate to the rights of a person who becomes a lien-creditor without knowledge of the security interest and before it is perfected. S.D. Codified Laws Ann. § 57A-9-301 (1980). This statute defines a lien-creditor as a trustee in bankruptcy.
Mobilehome claims a security interest in the mobile home which is located in South Dakota. S.D. Codified Laws Ann. § 32-3-3.1 (1976) provides a mobile home shall have a certificate of title upon sale. South Dakota creditors having a security interest in property on which a certificate of title is required must note their lien upon the title in order to be perfected. S.D. Codified, Laws Ann. § 57A-9-302 (1980) provides in part:
*1027 (3) The filing provisions of this chapter do not apply to a security interest in property subject to a statute
sfc * * tft * *
(b) Of this state which provides for central filing of, or which requires indication on a certificate of title of, such security interests in such property.
(4) A security interest in property covered by a statute described in subsection (3) can be perfected only by registration or filing under that statute or by indication of the security interest on a certificate of title or a duplicate thereof by a public official.
After a careful reading of 11 U.S.C. § 544 and S.D. Codified Laws Ann. § 57A-9-301, we conclude that a creditor must have a perfected security interest in its collateral at the time of a bankruptcy in order to defeat the interest of the trustee. In this case, Mobilehome noted its lien on the certificate of title approximately two months after filing bankruptcy. We conclude, therefore, that Mobilehome is not entitled to relief from the automatic stay to reclaim the mobile home because Mobile-home had an unperfected security interest at the time of the filing of the bankruptcy petition, which does not defeat the trustee’s interest as a hypothetical judicial lien creditor.
Mobilehome raises other issues on appeal in support of its request to obtain relief from the automatic stay. For example, Mobilehome claims an equitable or legal right to prevail on its security agreement against the Turleys, regardless of perfection of the lien as against third parties. However, these issues have not been determined by the bankruptcy court or by the district court, and are therefore not properly before us. Moreover, the issue of the Turleys’ claim of a homestead exemption is subject to review in the bankruptcy court. We, therefore, do not consider that issue at this time.
III. Conclusion.
Accordingly, we affirm. This ruling in no way adjudicates Mobilehome’s claim against the mobile home to the extent that such property is turned over to the Turleys as exempt. Those claims may be asserted by Mobilehome in the bankruptcy proceedings or other proceedings,- as may be appropriate.

. The Honorable Andrew Bogue, Chief Judge, United States District Court for the District of South Dakota.

. The bank is protected by a recourse agreement with Mobilehome, so Mobilehome is the party who will sustain the loss if the mobile home is never paid for or returned.