**UNITED PRESIDENTIAL LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Lynn Walls BARKER and The First National Bank in Cleburne, Defendants.**

**Civ. A. No. 3–82–1876–H.**

United States District Court,
N.D. Texas,
Dallas Division.

June 27, 1983.

**146**

Michael R. Knox, Thompson, Coe, Cousins & Irons, Dallas, Tex., for plaintiff.

William B. David and Michael McConnell, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, Tex., Terry W. Bradley, Bradley & Lummus, Michael J. Rogers, Cleburne, Tex., for defendants.

## MEMORANDUM OPINION

SANDERS, District Judge.

This Interpleader case is before the Court on Defendant Lynn Walls Barker's ("Barker") Motion for Summary Judgment on her cross-claim, and Brief in Support, filed March 14, 1983; Defendant First National Bank of Cleburne's (the "Bank") Motion for Summary Judgment, filed March 11, 1983, and Brief filed March 25, 1983; Cross-Claimants' Stipulated List of Undisputed Facts, filed March 25, 1983; Defendant Barker's Response, filed March 29, 1983; and Defendant First National Bank's Sup-

plemental Brief, filed April 5, 1983. The Court is of the opinion that Defendant Bank's Motion for Summary Judgment should be GRANTED, and that Defendant Barker's Motion for Summary Judgment should be DENIED.

This case involves a $100,000 United Presidential Life Insurance Company ("U.P.L.") life insurance policy, No. 78,164, which was issued to Defendant Barker's deceased husband, Gerald L. Barker, in January 1980. Mrs. Barker was designated as the policy's primary beneficiary. On March 5, 1980, Gerald Barker assigned the policy to Defendant First National Bank of Cleburne as security for a debt owed by Mr. Barker to the Bank. On June 16, 1980, Mr. and Mrs. Barker filed a Joint Petition for Bankruptcy Under Chapter 7 of the Bankruptcy Code. On May 7, 1981, Mr. and Mrs. Barker were granted a discharge by the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division.

On August 13, 1982, Gerald Barker died under circumstances within the payment terms of the policy. When Mrs. Barker filed her claim for the policy proceeds, the Bank notified U.P.L. that the Bank claimed the policy proceeds pursuant to Mr. Barker's March 1980 assignment of the policy to the Bank. U.P.L. filed this interpleader action on November 23, 1982, and on March 21, 1983, U.P.L. was discharged from this suit, it having paid the policy proceeds into the registry of the Court.

The issue between Interpleader Defendant Mrs. Barker and Interpleader Defendant Bank is whether the Barkers' bankruptcy discharge also discharged the Bank's lien on the insurance policy. Mrs. Barker contends that the discharge cancelled all the Barkers' dischargeable debts, and, by operation of law, all liens based on discharged debts were also cancelled. The Bank, on the other hand, admits that the underlying debt which the policy assignment secured was cancelled. However, the Bank argues that the lien created against the policy before bankruptcy survives the Barkers' bankruptcy discharge, as provided

by the Bankruptcy Code, the Code's legislative history, and judicial interpretation of the Code.

The express language of the Bankruptcy Code indicates that the Bank's lien survived discharge. Title 11, United States Code, § 506 provides in pertinent part:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title;

Legislative history of section 506(d) states that "Subsection (d) permits liens to pass through the bankruptcy case unaffected." H.R. No. 95–595, 95th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, 6313. Here, since no party requested allowance or disallowance of the Bank's lien, the lien passed through bankruptcy unaffected.

Title 11, United States Code, Section 522 provides in relevant part:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, ... before the commencement of the case, except—

(2) a lien that is—

(A) not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;

(B) not voided under section 506(d) of this title;

The Bank's lien was not avoided under sections 544, 547, 549, 724(a) or 506(d). The legislative history of section 522 supports this reading:

... The bankruptcy discharge will not prevent enforcement of valid liens ... on non-exempt property as well as on exempt property....

H.R. No. 95–595, 95th Cong., 1st Sess. 361 (1977); S.R. No. 95–989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin. News 1978, p. 6317.

■ Mrs. Barker argues that section 524 of the Bankruptcy Code should be read to defeat the Bank's lien. Section 524 provides:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived.

However, the legislative history indicates that section 524 was designed to prevent post-discharge harrassment by creditors whose accounts were discharged or whose liens were disallowed. *See* H.R. No. 95–595, 95th Cong., 1st Sess. 365–366 (1977); S.R. No. 95–989, 95th Cong., 2d Sess. 80 (1978). Section 524 by its terms applies to "debts" of the debtor, not to valid creditor liens which survive bankruptcy under other Code provisions. *Beneficial Finance Co. of Virginia v. Franklin,* 26 B.R. 636 (D.C.Va. 1983). This reading of the Code comports with the purposes of the bankruptcy process by striking a balance between the need for debtors to obtain a reprieve from their debts, while simultaneously protecting creditors' secured property rights. Thus, the courts have properly prevented bankruptcy discharge from extinguishing valid liens on property even where the entire personal liability of the debtor has been discharged. *Id.; Polk County Savings and Loan Association of Des Moines v. Weathers ("In re Weathers"),* 15 B.R. 945, 5 C.B.C.2d 935, 939 (Bkrtcy.D.Kan.1981); 3 *Collier on Bankruptcy* §§ 506.07 and 524.01 (15th ed. 1983).

Mrs. Barker's literal reading of section 524, which would allow discharge to extinguish valid, secured liens, is incompatible with section 506's explicit protection of the Bank's lien. Section 506(d) and its legislative history specifically protect pre-filing liens which have not been disallowed. The Bank's lien has not been disallowed, and the Bank has paid the premiums on policy No. 78,164 since the policy was assigned to the Bank over three years ago. The reasoning of the court in *In re Williams,* 9 B.R. 228

(Bkrtcy.D.Kan.1981), as Mrs. Barker would have it applied to these facts, would give the Barkers' not only discharge from their debts, but also enable the Barkers to defeat the pre-filing liens of secured creditors whose liens were neither disallowed nor avoided by the bankruptcy proceedings, in clear contravention of bankruptcy policy. 3 *Collier on Bankruptcy* § 524.01 (n. 17b) (15th Ed.1983).

■ However, the principle established by the Bankruptcy Code, its legislative history, and the majority of court opinions addressing this issue is that valid liens which have not been disallowed or avoided survive bankruptcy discharge. *Beneficial Finance Co. of Virginia v. Franklin, supra; Matter of Cassi,* 24 B.R. 619 (Bkrtcy.Ind. 1982); *In re Smiley,* 26 B.R. 680 (Bkrtcy. Kan.1982), *In re Perry,* 25 B.R. 817 (Bkrtcy. Md.1982); *In re Brock,* 23 B.R. 998 (Bkrtcy. D.C.1982); *In re Andrews,* 22 B.R. 623 (Bkrtcy.Del.1982); *In re Rosenow,* 22 B.R. 99 (Bkrtcy.Wash.1982), *In re Fitzgerald,* 20 B.R. 27 (Bkrtcy.N.Y.1982); *Matter of Sawyer,* 18 B.R. 661 (Bkrtcy.Idaho 1982); *In re Weathers, supra; In re Grimes,* 6 B.R. 943 (Bkrtcy.Kan.1980). This rule is clearly the result intended by Congress and the better rule of law. Thus, the Bank's lien on the U.P.L. policy survived Mr. and Mrs. Barker's discharge in bankruptcy.

Accordingly, the Bank's Motion for Summary Judgment is GRANTED; and Mrs. Barker's Motion for Summary Judgment is DENIED.

Defendant Bank is directed to promptly submit a judgment for entry.

SO ORDERED.