**In re Michael K. FINKLE, Debtor.**

**Melvin M. FELDMAN, Trustee, Plaintiff,**

**v.**

**Ronald Charles SCHREIBER, Theresa Louise Schreiber, First National Bank of Southern Maryland, Alice Marie Finkle, Michael K. Finkle, Defendants.**

**Bankruptcy No. 83–A–0516.
Adv. No. 83–0811A.**

United States Bankruptcy Court,
D. Maryland.

Feb. 13, 1984.

Melvin M. Feldman, Rockville, Md., Trustee of the bankruptcy estate.

Eugene Friedman, Baltimore, Md., for First Nat. Bank of Southern Md.

Richard G. Collins, Jr., Camp Springs, Md., for debtor/defendants.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Melvin M. Feldman, Chapter 7 trustee of the estate of Michael K. Finkle, debtor, has filed a complaint to determine ownership of the debtor's mobile home, for determination of a bank lien, if any, thereon, and for authority to sell the property free and clear of all liens. Named as defendants are the debtor, Michael K. Finkle; his wife, Alice Marie Finkle, whom he married on July 13, 1982; Ronald Charles Schreiber and Theresa Louise Schreiber, who sold the mobile home to Mr. Finkle; and the First National Bank of Southern Maryland, the would-be holder of the security interest in the mobile home. The First National Bank of Maryland is the successor by merger and consolidation to the First National Bank of Southern Maryland.

On or about October 7, 1981, Mr. Finkle purchased the mobile home from Ronald C. Schreiber and Theresa L. Schreiber. The price of the mobile home was $16,200.00. Mr. Finkle borrowed this sum from the Bank and granted the Bank a security interest in the mobile home to secure repayment of the loan in 60 equal monthly payments of $411.30, commencing on November 7, 1981. The Bank issued a check payable to Mr. Finkle and the Schreibers that Mr. Finkle then endorsed over to the Schreibers. The Schreibers in turn assigned the Certificate of Title to Mr. Finkle. Under the agreement between Mr. Finkle and the Bank, he was given the $12.00 filing fee, and he agreed to arrange for the transfer of the title to him with a notation of the security interest filing upon the face of the title, as required by Maryland law. Despite this agreement, Mr. Finkle did not live up to his end of the bargain and record the Certificate of Title with the appropriate security interest. No recorded lien exists upon the property as a result. This situation was discovered by the trustee during the administration of the estate.

In the meanwhile, Mr. Finkle continued to make all payments upon the mobile home. When the trustee made known his findings as to the absence of a security interest of the Bank, Mr. Finkle stopped paying the Bank, and he did not offer to pay rent to the trustee instead. Mr. Finkle alleges that he and Alice Marie Finkle are the equitable owners of the property, and that his interest in the property is subject to exemption. On September 19, 1983, counsel for Mr. Finkle filed in the bankruptcy proceeding an affidavit of Mrs. Finkle stating that she contributed towards the household expenses and that it was her intention to treat the mobile home as jointly owned property.

█ This matter is determined by 11 U.S.C. § 544(a), the "strong arm" provision of the Bankruptcy Code. This case is not unlike the case of *First National Bank of Denver v. Turley*, 705 F.2d 1024 (8th Cir. 1983). In *Turley* the Court of Appeals held that a creditor who had noted its lien on a Certificate of Title for a mobile home approximately two months after the debtor filed for bankruptcy did not have a perfected security interest under the law of South Dakota. The court held that because the creditor did not have a perfected security interest, it was not entitled to relief from the stay. Relying upon § 544(a)(1), the court noted that in South Dakota (as in Maryland, Md.Transp.Code Ann. §§ 13.201 *et seq.*) parties perfect their security interests in vehicles by noting their lien upon the title. Without a perfected security interest, the secured creditor has no secured claim. Thus, in the present case, the trustee must prevail as to the Bank. This position of the trustee, however, in no way permits the debtor to leapfrog ahead of the

Bank. Regardless of the perfection of the security agreement lien as to third parties such as the trustee, the security agreement remains effective between the debtor and the Bank.

 The trustee also stands in a superior position to the fifty percent interest claimed by Mrs. Finkle. Even assuming that an interest in a mobile home in Maryland could be assigned because Mrs. Finkle stands in an alleged equitable position, she would also be subject to the strong arm powers of the trustee. As a creditor with a judicial lien on the mobile home, the trustee is in a superior position to Mrs. Finkle's alleged unrecorded equitable interest. Mrs. Finkle's equitable interest is also subordinate to the First National Bank of Maryland. As between the debtor and his spouse, who took the property subject to the Bank's lien and with notice of the same, the Bank prevails by virtue of its security interest. The Bank lost its secured position only because of the failure of Mr. Finkle to do what was required of him, that is, to record the Bank's interest pursuant to Md.Transp.Code Ann. § 13–203. The court will pass an order determining that the title to the 1974 Buddy TL Mobile Home, vehicle identification number D4111621AHBH, is held by the trustee free and clear of all liens.