**In re Stanley J. LANDMARK and Judith E. Landmark, Debtors.**

**Bankruptcy No. 5–83–66.**

United States Bankruptcy Court,
D.Minnesota,
Fifth Division.

April 24, 1985.

John N. Nys, Duluth, Minn., for debtors.

Shawn M. Dunlevy, Duluth, Minn., for moving creditor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

GREGORY F. KISHEL, Bankruptcy Judge.

The above-captioned matter came on before the undersigned United States Bankruptcy Judge upon a motion for modification of injunction brought on by Louis A. Schaefbauer, a scheduled creditor herein. Movant appeared by his attorney, Shawn M. Dunlevy. Debtors Stanley J. Landmark

and Judith E. Landmark (hereinafter "Debtors") appeared by their attorney, John N. Nys. Upon Movant's motion, the arguments of counsel, and all of the other files, records, and proceedings herein, the Court makes the following Findings of Fact, Conclusions of Law, and Order.

## FINDINGS OF FACT

The basic facts underlying Movant's motion have been set forth in this Court's opinion in *Landmark v. Schaefbauer*, 41 B.R. 766 (Bankr.D.Minn.1984), and the Court will not reiterate them in great detail. Briefly stated, they are as follows. Debtors filed their Petition under Chapter 7 of the Bankruptcy Code in this Court on March 15, 1983. As of that date, Movant was the holder of an unrecorded second mortgage against Debtors' homestead. Debtors' former attorney recorded the mortgage in the office of the St. Louis County Recorder on March 28, 1983. Neither Debtors nor their Trustee took any action during the pendency of Debtors' Chapter 7 case to avoid the mortgage or the post-petition recording of the mortgage. Movant took no action during the pendency of Debtors' Chapter 7 case to enforce his mortgage against the homestead. Debtors were granted their discharge in bankruptcy on July 13, 1983, and their Chapter 7 case was closed on November 18, 1983.

Upon application of the Debtors, their Chapter 7 case was reopened on January 23, 1984; on that same date, Debtors filed a Complaint in adversary proceedings seeking a judgment of this Court finding Movant in contempt for the recording of the mortgage, ordering Movant to discharge the mortgage of record, and finding that the mortgage was null and void. In its decision of August 17, 1984, this Court found that the act of Debtors' former attorney in recording the mortgage violated the automatic stay imposed by 11 U.S.C. § 362(a)(4) and was a nullity; ordered Movant to remove the mortgage from the records in the office of the St. Louis County Recorder, subject to his right, if any, to re-record the mortgage; and finding that the mortgage was otherwise valid and enforceable as between Movant and Debtors to the extent that an unrecorded real estate mortgage was enforceable under Minnesota state law. *Landmark v. Schaefbauer, supra,* at 770–771. Movant subsequently filed a release of the mortgage in the office of the St. Louis County Recorder on or about September 19, 1984.

On August 23, 1983, the office of the U.S. Trustee appointed Albert E. Baddin as successor trustee of Debtors' estate in the reopened case. The successor trustee has taken no action to avoid Movant's mortgage or to preserve the transfer of this mortgage for the benefit of the estate under 11 U.S.C. § 544 or § 551.

## CONCLUSIONS OF LAW

This motion requires the Court to address the difficult question left unanswered in *Landmark v. Schaefbauer, supra,* at 770. Movant has moved for an Order modifying the injunction created upon Debtors' discharge in bankruptcy under 11 U.S.C. § 524(a)(2), to allow him to re-record the pre-petition second mortgage against Debtors' homestead. The language of 11 U.S.C. § 524(a)(2) in effect on March 15, 1983, and not the language of that section as amended under the Bankruptcy Amendments and Federal Judgeship Act of 1984, governs this motion. Pub.L. 98–353, Title III, § 553, 98 Stat. 392 (1984). That language provides as follows:

(a) a discharge in a case under this title—

. . . . .

(2) operates as an injunction against ... any act to collect, recover or offset any such debt as a personal liability of the Debtor, or from property of the debtor, whether or not discharge of such debt is waived...

Movant wishes to enforce his rights against Debtors' real estate under the mortgage by foreclosure. Debtors do not dispute that they are in default on the payment obligations which the mortgage was to secure. Movant states that he does

not wish to re-impose personal liability for the underlying debt upon Debtors, that liability having been discharged in bankruptcy. He seeks solely to enforce his lien against the real estate.

The Minnesota State Legislature has recognized two statutory forms of mortgage foreclosure. MINN.STAT. ch. 581 governs the traditional form of foreclosure by action or "judicial foreclosure". MINN. STAT. ch. 580 governs the more streamlined and circumscribed procedure of foreclosure by advertisement. Movant acknowledges that he cannot foreclose the mortgage by action under MINN.STAT. ch. 581, as a judgment in foreclosure under that chapter is, necessarily, an *in personam* judgment against Debtors. Though Debtors' personal liability under the judgment could be satisfied by Sheriff's sale of the real estate, any portion of the judgment left unsatisfied by application of the proceeds of the Sheriff's sale would remain a personal liability of Debtors. MINN. STAT. § 581.09. The mere commencement of a judicial foreclosure would violate the permanent injunction under 11 U.S.C. § 524(a)(2), as this unquestionably would be an act to collect the underlying debt as a personal liability against Debtors. Under the non-judicial procedure set forth in MINN.STAT. ch. 580, a mortgage is enforced solely against the subject real estate; foreclosure leads merely to a Sheriff's sale of the subject real estate and no personal judgment against the mortgagor is obtained in the course of the foreclosure proceedings. Practically speaking, MINN. STAT. § 580.23 bars the foreclosing mortgagee from seeking a deficiency judgment in a separate judicial action against a mortgagor in most cases. The procedure of foreclosure by advertisement is less cumbersome and time-consuming than a formal judicial action. However, in order to avail himself of the procedure a mortgagee must first record the mortgage. MINN.STAT. § 580.02.

Because this Court ordered Movant to remove the mortgage from the public record in its decision of August 17, 1984, Movant cannot foreclose by advertisement without re-recording the mortgage. Movant has brought on this motion on the assumption that the injunction entered upon Debtors' discharge in bankruptcy under § 524(a)(2) prohibits him from doing so. As a first position, Movant argues that § 523(a)(2) does not even apply to bar his proposed re-recording of the mortgage, in that the Court has already held that his mortgage is valid and enforceable as between Movant and Debtors and the lien which Debtors granted against their homestead was not avoided by operation of Debtors' discharge in bankruptcy. In the event that the Court determines that § 524(a)(2) applies, Movant requests an Order modifying the injunction to allow him to re-record the mortgage. He argues that principles of fairness and equity compel this relief, so as not to deny him the remedy of enforcing a lien which the Court has already acknowledged and recognized.

Debtors argue that § 524(a)(2) is indeed applicable to this case, and that, under *In Re Funket*, 27 B.R. 640, 6 C.B.C.2d 597 (Bankr.M.D.Penn.1982), any post-discharge re-recording of the mortgage would violate the injunction. Debtors further argue that this Court does not have the authority to "change the meaning of § 524" by modifying the injunction, as any alteration of the scope of the injunction is contrary to the Congressional intent behind the remedy of discharge in bankruptcy.

The Court concludes that § 524(a)(2) does not prohibit Movant from re-recording the mortgage as a first step in his enforcement of the mortgage under MINN.STAT. Ch. 580. The Court believes that *In Re Funket, supra,* can be distinguished from the instant case. *Funket* involved facts similar to those in the instant case. As of the date of the Order for Relief in that case, a creditor held an unrecorded mortgage against the Debtors' homestead. The creditor recorded its mortgage after the date of the Order for Relief but prior to the Debtor's discharge. During the pendency of the bankruptcy case, the creditor removed the mortgage from the record at the debtors' request. After the debtors' discharge in bankruptcy, however, the creditor re-re-

# 629

corded the mortgage. The Court in *Funket* concluded that, during the pendency of the debtors' case, the creditor had nothing more than an unsecured, personal obligation against the debtors which then was discharged. It held that the re-recording of the mortgage after discharge was nothing more than a naked attempt to collect on the debt as a personal liability against the debtors and found the re-recording to violate the § 524(a)(2) injunction. The Court therefore ordered that the mortgage be avoided.

Unfortunately, the Court in *Funket* did not elaborate on the reasons for its conclusion that the creditor therein had nothing more than an unsecured obligation against the debtors during the pendency of the case. This conclusion was the cornerstone of that Court's holding, and from the face of the *Funket* decision this Court is at a loss to fully understand the reasoning underlying the decision. Speculation on the unvoiced assumptions underlying a Court's conclusions is usually imprudent. However, as noted in *Landmark v. Schaefbauer*, under Pennsylvania law an unrecorded mortgage does not attach to the subject real estate or grant any estate in it unless it is recorded within six months after the granting of the mortgage. 21 PENN.STAT. § 621; *In Re Fisher*, 7 B.R. 490, 495 (Bankr.W.D.Penn.1980); *Landmark v. Schaefbauer, supra*, at 769. In addition, foreclosure by action is the only statutory form of mortgage foreclosure under Pennsylvania law. Reuter, *Mortgage Foreclosure in Pennsylvania*, 85 DICK.L. REV. 275 (1981). The judgment of foreclosure under Pennsylvania procedure is only *de terris* unless the foreclosing mortgagee prays for a personal judgment against the mortgagor. *Meco Realty Co. v. Burns*, 414 Pa. 495, 200 A.2d 869 (1964); *National Council v. Zytnick*, 221 Pa.Super.Ct. 391, 293 A.2d 112 (1972); *Kretschman v. Stoll*, 238 Pa.Super.Ct. 51, 352 A.2d 439 (1975). However, if the mortgagee so pleads, he can obtain a deficiency judgment against the mortgagor personally by complying with the Pennsylvania Deficiency Judgment Act. *See, in general*, Reuter, *supra*.

Though the *Funket* Court did not explicitly cite the Pennsylvania state law which is the backdrop for its holding, the structure of its reasoning and the language of its opinion lead this Court to conclude that it found the creditor's re-recording of the mortgage to be something other than a good-faith attempt to enforce rights against the subject real estate. The reasonableness of this conclusion is made apparent by the fact that, under Pennsylvania state law, the creditor involved had no rights against the subject real estate. Minnesota state law on this question is, however, different. Under the Minnesota Recording Act, recording of a mortgage would be compelled only for the purpose of notice to third parties. MINN.STAT. § 507.34. Under Minnesota law, an unrecorded mortgage nonetheless attaches to the land upon acknowledgement and thereafter remains valid and enforceable as between the parties thereto. *Seager v. Lamm*, 95 Minn. 325, 104 N.W. 1 (1905). Therefore, even conceding the reasoning used by the Court in *Funket* Movant already had an enforceable mortgage against Debtors' homestead prior to the Order for Relief herein. The mere fact that the mortgage was unrecorded did not make it unenforceable as against the subject real estate, and as against Debtors personally. Debtors' personal liability on the underlying debt has, of course, been discharged in bankruptcy. Movant's valid lien against the real estate survived Debtors' discharge. *United Presidential Life Ins. Co. v. Barker*, 31 B.R. 145, 147–8 (N.D.Tex.1983), and cases cited therein. This is so notwithstanding the fact that it was not recorded, so long as it has not been avoided by any party in interest.* The real estate is still encumbered by the mortgage and is liable for it. Movant's re-recording of the mortgage would be nothing more than a procedural step and would give him no more rights against the real estate than he had

---

* Movant's failure to record the mortgage prior to the filing of Debtors' Petition did render the mortgage vulnerable to the power of Debtors'

Trustee in bankruptcy to avoid the mortgage under 11 U.S.C. § 544(a)(3) and to preserve the transfer of the mortgage for the benefit of the

**630**

before the Order for Relief herein. So long as Movant takes no action to adjudicate or enforce personal liability for the underlying debt against Debtors, he then can proceed to enforce the mortgage. Obviously, under Minnesota state law the only way to accomplish this without violating 11 U.S.C. § 524(a)(2) is to foreclose by advertisement. Because foreclosure by advertisement alone is not on its face or by application an act to compel personal payment of the discharged debt, the re-recording of the mortgage would not violate § 524(a)(2).

Because the Court has concluded that the re-recording of the mortgage would not violate § 524(a)(2), it need not address Movant's motion for an Order modifying the injunction under § 524(a)(2).

THEREFORE, IT IS HEREBY ORDERED that Movant's motion is denied, but IT IS CONCLUDED that Movant is otherwise free to enforce his pre-petition mortgage against Debtors' homestead in a manner consistent with this Order.

estate under 11 U.S.C. § 551. *In Re Hastings,* 4 B.R. 292 (Bankr.D.Minn.1980); *In Re Finkle,* 38 B.R. 101 (Bankr.D.Md.1984). However, the Trustee in this case took no action to avoid the mortgage, either during the original administration or since the re-opening of this case. In view of the Trustee's inaction, Movant's rights to the mortgage survive and are enforceable by Movant.