[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, hereinafter (Eggert), brings this suit for a release of mortgage and to recover damages pursuant to Conn. Gen. Stats. § 49-8
which provides as follows:
 (a) The mortgagee or a person authorized by law to release the mortgage shall execute and deliver a release to the extent of the satisfaction tendered before or against the receipt of the release: (1) Upon the satisfaction of the mortgage, or (2) upon a bonafide offer to satisfy the same in accordance with the terms of the mortgage deed upon the execution of a release, or (3) when the parties in interest have agreed in writing to a partial release of the mortgage where that part of the property securing the partially satisfied mortgage is sufficiently definite and certain, or (4) when the mortgagor has made a bona fide offer in accordance with the terms of the mortgage deed for such partial satisfaction on the execution of such partial release.
The defendant New Haven Savings Bank, hereinafter (the Bank) argues that the statute under which Eggert brings his suit only applies to the issue upon payment of mortgages. The Bank argues further that his discharge in bankruptcy of Eggert makes no provision for a release of mortgage.
The mortgage sought to be released was dated July 6, 1993 and recorded in Volume 565, page 217 of the Madison Land Records. The mortgage which is the subject matter of this lawsuit is essentially a second mortgage secured by the same property located at 1411 Durham Road, Madison, Connecticut (Exhibit 2), upon which the Bank holds a first mortgage. The mortgage in Volume 565, page 217 made reference to the first mortgage also held by the Bank in Volume 194, page 659 of the Madison Land Records.
Eggert filed a Chapter 7 Bankruptcy Proceeding on November 19, 1997 and was discharged on March 24, 1998. Eggert testified he was the owner of 1411 Durham Road, Madison and that he gave the mortgage on said CT Page 11414 property.
The Bank produced testimony of an expert witness John Dockendorff a professional title searcher who testified that the subject matter mortgage was copied from the previous mortgage held by the Bank except that a small portion of the property covered by the subject mortgage had ben conveyed out. Dockendorff further testified, however, that no portion of the property containing the dwelling was ever conveyed shown in this mortgage in the Madison land records.
The effect of such an error would be only that the security had been reduced by that portion conveyed out.
The Bank argues that no evidence was offered regarding the claim for damages and that the statute under which this action was brought applies to payment of a mortgage debt and not one that is affected by a petition in Bankruptcy.
 A majority of cases has held that the Bankruptcy Code and its legislative history plainly establish that "valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." Estate of Lellock v. Prudential Ins. Co. of America, 811 F.2d 186, 189 (3d Cir. 1987), citing In re Landmark, 48 B.R. 626 (Bankr. D. Minn. 1985); In re Atoka Agricultural Systems, Inc., 39 B.R. 474, 477 (Bankr. E.D. Va. 1984); United Presidential Life Ins. Co. v. Barker, 31 B.R. 145, 147 (Bankr. N.D. Tex. 1983); In re Weathers, 15 B.R. 945, 950 (Bankr. D. Kan. 1981). "`A long line of cases . . . allows a creditor with a loan secured by a lien on assets of the debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt.'" In re Harris,
B.R.717, 720 (Bankr. D. Conn. 1986), quoting In the Matter of Tarnow, 749 F.2d 464, 465 (7th Cir. 1984). A valid judicial lien is not affected by a discharge in bankruptcy. "[T]he discharge in bankruptcy does not extinguish the underlying debt. It only prevents [the] debtor from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts in rem actions against property subject to a valid, prebankruptcy lien guaranteeing payment of CT Page 11415 the debt." In the Matter of Moscoso Villaronga, 111 B.R. 13, 18 (Bankr. D. Puerto Rico 1989). That court found that the Bankruptcy Code "`does not bar the creditor from enforcing a valid, prebankruptcy lien or security interest against property that has been retained by the debtor or the estate after discharge. . . . Actions to collect against the debtor personally are enjoined. The creditor's action in enforcing a lien is against the property in rem and with no recourse against the debtor.'" Id., quoting 1 W. Norton, Bankruptcy Law and Practice §§ 27.02, 27.04.
Shawmut Bank v. Brooks Development Corp., 46 Conn. App. 399.
 CONCLUSION
The Bank's lien rights are not affected in this case by the Bankruptcy Discharge. The plaintiff still resides at the premises covered by the mortgage recorded in Volume 565 page 217 of the Madison Land Records. There has been no showing of a defective mortgage.
Accordingly judgment is entered in favor of the defendant.
 Frank S. Meadow Judge Trial Referee