In re Javier **CORTEZ;** Yolanda **Cortez, Debtors.**

Javier **CORTEZ;** Yolanda **Cortez, Appellants,**

v.

**AMERICAN WHEEL, INC., Appellee.**

BAP No. CC–95–1496–OVJ.

Bankruptcy No. LA94–19061–AA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument Nov. 15, 1995.

Decided Dec. 26, 1995.

---

175

Martin D. Gross, Upland, CA, for Appellants.

Marie E. Davis, Gardena, CA, for Appellee.

Before: OLLASON, VOLINN and JONES, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

Discharged chapter 7 debtors[1] have appealed the bankruptcy court's denial of their motion to reopen their bankruptcy case to avoid the lien of a creditor and to enjoin the creditor's foreclosure action. WE AFFIRM.

## STATEMENT OF FACTS

On August 19, 1993, Javier and Yolanda Cortez (the "debtors") executed a promissory note in favor of American Wheel, Inc., doing business as California Wheel Co. (the "appellee"). As security for the note, the debtors executed and delivered to the appellee a deed of trust on their residence, located in West Covina, California. The appellee did not record the instrument at that time.

The debtors filed a voluntary chapter 7 bankruptcy petition on March 9, 1994. They listed the appellee as an unsecured creditor with a claim amount of $53,902.22. On July 12, 1994, the debtors received a discharge in bankruptcy.

On December 19, 1994, the appellee recorded the deed of trust with the Los Angeles County Recorder's office. Thereafter, on December 30, 1994, the appellee filed an action in Los Angeles County Superior Court to judicially foreclose the deed of trust. The complaint sought, in addition to foreclosure, a deficiency judgment against the debtors.

The debtors filed a motion to reopen the bankruptcy case on March 1, 1995. Following a hearing, the bankruptcy court entered an order denying the motion on April 20, 1995. The transcript of this hearing has not been made part of the record on appeal.

Following the bankruptcy court hearing, the appellee dismissed those counts in the state court complaint which sought to recover *in personam* judgments.

---

1. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330; all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") rules 1001–9036.

The debtors timely appealed the bankruptcy court's order.

## ISSUES

1. Whether the bankruptcy court abused its discretion by denying the debtors' motion to reopen the bankruptcy case to avoid the deed of trust on their residential real property which was unperfected at the time of the bankruptcy petition.

2. Whether the appellee's post-discharge recordation of the deed of trust and foreclosure action violated the discharge injunction of § 524.

## STANDARD OF REVIEW

 A bankruptcy court's decision on reopening a bankruptcy case and granting relief to a debtor is reviewed for abuse of discretion. *In re Cisneros,* 994 F.2d 1462, 1464–65 (9th Cir.1993). Under the abuse of discretion standard, a reviewing court will not reverse unless it has a definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached upon weighing the relevant factors. *United States v. Plainbull,* 957 F.2d 724, 725 (9th Cir.1992).

 Whether or not a state court suit is barred by § 524 is a question of law reviewed *de novo. In re Beeney,* 142 B.R. 360, 362 (9th Cir. BAP 1992).

## DISCUSSION

*The Parties' Contentions*

The debtors contend that the appellee does not have a valid lien because the deed of trust was not recorded until after the chapter 7 discharge; that the appellee was, therefore, an unsecured creditor who cannot collect upon a discharged debt or perfect its lien through recordation following bankruptcy.

2. Section 506 provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
 (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

The appellee, on the other hand, contends that its lien is a valid security interest under California law between it, as mortgagee, and the debtors, as mortgagors. It argues that the lien survives bankruptcy intact, that its right to foreclose the lien also survives, and that it may proceed to prosecute an *in rem* action to foreclose the lien.

Although the debtors did not provide a transcript of the hearing on their motion, they allege that the bankruptcy court denied their motion without discussion, that the facts are not disputed and their appeal concerns purely legal issues. The appellee does not dispute these allegations, but argues that the debtors have failed to provide an adequate record on which to reverse the bankruptcy court.

Since the bankruptcy court ruled on the motion without discussion, and did not enter separate findings of fact and conclusions of law, the debtors cannot provide anything further than the record before us.

*A Valid but Unperfected Lien that has not been Avoided Survives Bankruptcy*

 It is well settled that valid, perfected liens and other secured interests pass through bankruptcy unaffected. *Dewsnup v. Timm,* 502 U.S. 410, 418, 112 S.Ct. 773, 778–79, 116 L.Ed.2d 903 (1992). The majority of courts hold, and the legislative history of § 506(d) establishes, that valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. *In re Simmons,* 765 F.2d 547, 556–57 (5th Cir.1985); *Estate of Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186, 188–89 (3d Cir.1987); *see also In re Hagemann,* 86 B.R. 125, 126 (Bankr.N.D.Ohio 1988) (listing cases); *Chandler Bank of Lyons v. Ray,* 804 F.2d 577, 579 (10th Cir.1986) ("for sections in the Code which relate to automatic stays and to lien avoidance to have any substance at all necessarily leads to the conclusion that unavoided liens pass through § 506(d) without action by the lien holder").[2]

 (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.
Section § 506(d)(2) provides that a lien is not void for the reason that no proof of claim was filed, no matter if the debtor schedules the claim

Generally, a mortgage is defined as "an interest in real property that secures a creditor's right to repayment." *Johnson v. Home State Bank*, 501 U.S. 78, 82, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991). The creditor ordinarily has a right to foreclose on the mortgaged property or to sue to establish the debtor's *in personam* liability. *Id.*

Proper execution and delivery of a deed of trust is a grant of an interest in real property under California law; thus a deed of trust is a lien or charge upon the property which is created upon delivery of the instrument. *See* Cal.Civ.Code § 1054 (West 1982) (grant becomes effective upon delivery by grantor); *In re Van Ness Assocs., Ltd.*, 173 B.R. 661, 666 (Bankr.N.D.Cal.1994); B.E. Witkin, SUMMARY OF CALIFORNIA LAW, SECURITY TRANSACTIONS IN REAL PROPERTY §§ 35, 39, at 549–51 (9th ed. 1987).

In California, the deed of trust is an instrument providing security or collateral which must be perfected by recordation to bind subsequent purchasers. Cal.Civ.Code § 1214 (West Supp.1995). The deed of trust is not perfected until it is recorded in the office of the County Recorder. Cal.Civ.Code § 1213 (West 1982 & Supp.1995); *In re Schuman*, 81 B.R. 583, 587 (9th Cir. BAP 1987). Nevertheless, California law provides that an unrecorded instrument is valid between the parties and those who have notice of it. *In re Weisman*, 5 F.3d 417, 420 (9th Cir.1993); Cal.Civ.Code § 1217 (West 1982).

An unrecorded, thus unperfected, deed of trust is subject to avoidance by the bankruptcy trustee as a hypothetical lien creditor, pursuant to § 544. The appellee's unperfected deed of trust was subject to avoidance during the debtors' bankruptcy. However, because it was not avoided, it survived the bankruptcy, even though it was not perfected. *In re Eakin*, 153 B.R. 59, 60 (Bankr.D.Idaho 1993) (so long as the lien,

although it could have been, was not avoided, a valid security interest passes through a bankruptcy filing unaffected).

In the instant case, while the appellee was listed as an unsecured creditor and the debt was discharged, the appellee was actually a secured creditor under California law by virtue of the deed of trust lien which had not been avoided in bankruptcy. Its lien survived the bankruptcy; thus, the bankruptcy court did not err by denying the debtors' motion to reopen the case to avoid the lien.

*The Appellee's Post-discharge Recordation of the Deed of Trust and Foreclosure Action Did Not Violate § 524.*

In the case of a surviving lien, a bankruptcy discharge "extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson*, 501 U.S. at 84, 111 S.Ct. at 2154.

The appellee's recordation of the deed of trust as a procedural step in its foreclosure action, gave it no more rights against the real estate than it had before the bankruptcy. The appellee was simply enforcing its valid lien which survived the bankruptcy.

The debtors cite *In re Funket*, 27 B.R. 640 (Bankr.M.D.Pa.1982), in which a mortgagee recorded its mortgage following the chapter 7 debtors' discharge and closure of the bankruptcy case. The bankruptcy court held that § 524 barred the creditor "from using any means, including recordation of a mortgage, to obtain payment of a discharged debt." *Id.* at 642.

Section 524(a) provides that a discharge:

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act,

as unsecured. *See In re Eakin*, 153 B.R. 59, 60 (Bankr.D.Idaho 1993). In this case, the parties have not provided evidence that the appellee filed a proof of claim. If the appellee did *not* file a proof of claim, § 506(d)(2) would mandate that its lien would not be void for that reason alone. *Id.* If a proof of claim were filed, the claim would have been deemed a secured claim unless it were disallowed or an action were brought to

avoid the lien. *See* § 502(a). According to the facts before us, the appellee's claim was not disallowed nor was the lien avoided. "[V]alid liens *that have not been disallowed* or avoided survive the bankruptcy discharge of the underlying debt." *Estate of Lellock*, 811 F.2d at 189 (emphasis added); *Chandler Bank of Lyons*, 804 F.2d at 579.

to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim. . . .

11 U.S.C.A. § 524 (West 1993 and Supp. 1995).

Subsection 524(a)(2) was amended with the above language in 1984. Pub.L. 98–353, Title III, §§ 308, 455, July 10, 1984, 98 Stat. 354, 376. In 1982, at the time of the *Funket* decision, § 524(a)(2) stated that a discharge:

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, *or from property of the debtor*, whether or not discharge of such debt is waived;

Pub.L. 95–598, Nov. 6, 1978, 92 Stat. 2592 (emphasis added).

 It is evident that the purpose of this section was not to prevent a creditor from exercising valid *in rem* rights, but to prevent any actions against property of the debtor acquired after bankruptcy to satisfy the discharged personal liability. *Chandler Bank of Lyons*, 804 F.2d at 579.

In addition, under Pennsylvania law, an unrecorded mortgage does not attach to the subject real estate or grant any estate in it unless it is recorded within six months after the granting of the mortgage. 21 Pa. Cons.Stat.Ann. § 621 (1955); *In re Fisher*, 7 B.R. 490, 495–96 (W.D.Pa.1980). While *Funket* did not explicitly cite the Pennsylvania law, its reasoning and the language of its opinion led another court to conclude that the *Funket* court "found the creditor's re-recording of the mortgage to be something other than a good-faith attempt to enforce rights against the subject real estate." *In re Landmark*, 48 B.R. 626, 629 (Bankr.D.Minn.1985).

While seeking a deficiency judgment was arguably a violation of the stay, the appellee dismissed its state court counts for a deficiency judgment against the debtors. The primary focus of dispute was lien avoidance. The appellee has not violated § 524 by enforcing its valid deed of trust on the real property through recordation and foreclosure.

## CONCLUSION

The bankruptcy court did not abuse its discretion by denying the debtors' motion to reopen their bankruptcy case when there was no legal basis for granting the relief sought. The appellee's actions did not violate the discharge injunction of § 524. The bankruptcy court's order is **AFFIRMED.**