Filed 8/26/13  Rudat v. Wells FargoBank CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| LORENA RUDAT et al.,<br><br>　　Plaintiffs and Appellants,<br><br>　　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　Defendant and Respondent. | G047397<br><br>(Super. Ct. No. 30-2012-00549881)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

Graham & Martin, Anthony G. Graham and Michael J. Martin for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton and Erik Kemp for Defendant and Respondent.

In a quiet title action, the superior court sustained a demurrer to the first amended complaint without leave to amend and entered a dismissal of the cause of action. We affirm.

I

FACTS AND PROCEDURAL SETTING

On March 1, 2012, appellant Lorena Rudat (Lorena) filed a complaint against respondent Wells Fargo Bank, N.A. (Wells Fargo), to quiet the title of the property located at 2019 West Chapman Avenue in Orange, California (the property). The complaint alleged Wells Fargo issued two lines of credit for Daniel Leroy Rudat (Daniel),[1] Lorena's son, and placed two liens on the property to secure the debts on March 29, 1995 and August 5, 2002, respectively. The complaint further alleged Lorena owns the subject property, Daniel filed for chapter 7 bankruptcy protection on April 20, 2011, the bankruptcy court subsequently discharged the debts to Wells Fargo, but Wells Fargo then recorded and served a notice of default and election to sell under a deed of trust, notwithstanding the discharge.

Wells Fargo demurred to the complaint and filed a request for judicial notice. Prior to the scheduled hearing on Wells Fargo's demurrer, Lorena filed a first amended complaint, adding Daniel as a plaintiff. Wells Fargo promptly demurred to the amended complaint and again requested judicial notice of the following documents pertaining to the property and Daniel's bankruptcy petition: (1) a grant deed recorded on February 23, 1995, from Lorena, as trustee under a declaration of trust dated December 28, 1982, to Daniel, a married man, as his sole and separate property; (2) a grant deed recorded on March 29, 1995 from Lorena, as trustee, to Daniel, a married man, as his sole

---

[1] Because appellants, mother and son, have the same last name, we refer to each by their given names for ease of reading. No disrespect is intended.

and separate property;[2] (3) a modification of a deed of trust, filed December 21, 1999, from Daniel to Wells Fargo N.A. for the property that was the subject of the grant deed recorded on March 29, 1995;[3] (4) a grant deed recorded September 22, 2000, from Daniel to The Chapman Avenue Trust and Daniel as trustee; (5) a short form deed of trust recorded August 5, 2002, from The Chapman Avenue Trust, Daniel as trustee, to American Securities Company as trustee, and naming Wells Fargo as the beneficiary;[4] (6) a grant deed recorded February 4, 2005, from The Chapman Avenue Trust, Daniel as trustee, to The Chapman Avenue Trust, Rita Schnepp, trustee; (7) Daniel's January 3, 2011 voluntary petition for bankruptcy under chapter 7 of the Bankruptcy Code;[5] (8) Notice of default and election to sell under deed of trust recorded November 17, 2011; and (9) a short form deed of trust dated May 9, 2008, from The Chapman Avenue Trust, Rita Schnepp, trustee, to Stewart Title Company as trustee, with O.C. Homes-R-Corporation as beneficiary. These records were not made part of the record on appeal, although it appears the trial court ultimately granted Wells Fargo's request and cited a number of the records in its ruling on the demurrer to the first amended complaint. We granted Wells Fargo's request to augment the appellate record with these documents.

---

[2] This grant deed stated its purpose was to correct the earlier grant deed between Lorena and Daniel.

[3] This deed of trust was to secure a maximum indebtedness of $150,000 to Wells Fargo.

[4] This deed of trust was to secure a maximum indebtedness of $150,000 to Wells Fargo.

[5] Daniel alleged in the petition that no creditors held any secured loans and he had an indebtedness of $1,625,883 in unsecured claims. He alleged on Schedule A of the petition that he had no interest in any real property.

The superior court sustained Wells Fargo's demurrer to the first amended complaint without leave to amend, dismissed the matter, and entered judgment in Wells Fargo's favor. Lorena and Daniel appeal.

## II

## DISCUSSION

A trial court's action sustaining a demurrer presents a pure question of law which we review de novo. (*Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1089, fn. 10.) "'A demurrer tests only the legal sufficiency of the pleading. [Citation.] It "admits the truth of all material factual allegations in the complaint . . . ; the question of plaintiff's ability to prove these allegations, or the possible difficulty in making such proof does not concern the reviewing court."' [Citation.]" (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 47.)

In deciding an issue presented by a demurrer, the trial court may consider matters of which it is required to, or may, take judicial notice. (Code of Civ. Proc., § 430.30, subd. (a); *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.) Specifically relevant in the present case, "[a] court may take judicial notice of a recorded deed. [Citation.]" (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 803.) On those occasions when judicially noticeable facts render the pleading defective, the court may disregard allegations in the complaint that are contrary to facts judicially noticed. (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751.)

We independently examine the complaint to determine whether the facts alleged state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) Additionally, we affirm an order sustaining the demurrer if there is a proper ground for sustaining the demurrer, "even if the trial court relied on an improper ground, whether or not the defendants asserted the proper ground in the trial

4

court.  [Citation.]"  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880, fn. 10.)

A.  *The Trial Court did not Err in Sustaining the Demurrer*

Lorena and Daniel brought an action for quiet title.  To state a cause of action for quiet title, the verified complain must include (a) a description of the subject property, (b) a statement to the effect that the plaintiff has title to the property and the basis of that title, (c) the claims adverse to plaintiff's title, (d) a date as of which plaintiff seeks a determination, and (e) a prayer finding title in plaintiff and against the adverse claims.  (Code Civ. Proc., § 761.020.)

The first amended complaint acknowledged Wells Fargo has two liens on the property, but alleged Daniel is not the owner of the property and is not on the title.[6]  However, Lorena, as trustee, deeded the property to Daniel as his separate property in 1995.  Daniel then encumbered the property with deeds of trust for Wells Fargo's benefit.  After deeding the property to himself as trustee for The Chapman Avenue Trust, Daniel then deeded the property to Rita Schnepp as trustee for The Chapman Avenue Trust.

Lenora and Daniel contend the debt to Wells Fargo was discharged in bankruptcy and the superior court had no jurisdiction "to void the order" of the bankruptcy court.  Not surprisingly, they cite no any authority in support of their contention.  (Cal. Rules of Court, rule 8.204(a)(1)(B).)  This argument is completely without merit.  The argument is based on (a) the unsupported premise that Wells Fargo's *liens* were discharged in bankruptcy and (b) the false assumption that the superior court overturned the bankruptcy court's ruling in Daniel's bankruptcy case.  There is nothing in

---

[6] This would appear to be inconsistent with another allegation in the complaint to the effect that Daniel is an owner of the property, but we need not address that issue here.

the bankruptcy documents attached to the original complaint demonstrating the bankruptcy court discharged the *liens* recorded by Wells Fargo.

There is, however, documentation from the bankruptcy proceedings demonstrating Daniel misrepresented in his petition that the debt owed Wells Fargo was unsecured when, in fact, he had issued two deeds of trust on the property to Wells Fargo as security. Additionally, although the bankruptcy court issued a discharge of Daniel's debts, the notice of discharge states that a creditor "may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." The same notice of discharge lists common debts *not* discharged in a chapter 7 bankruptcy, including debts not properly listed by the debtor. Moreover, perfected liens pass through bankruptcy proceedings unaffected.[7] (*In re Cortez* (Bankr. 9th Cir. 1995) 191 B.R. 174, 177.)

Lorena and Daniel did not provide any record of Wells Fargo's lien having been disallowed or avoided by the bankruptcy court. "If [Wells Fargo] did *not* file a proof of claim, § 506(d)(2) would mandate that its lien would not be void for that reason alone. [Citation.] If a proof of claim were filed, the claim would have been deemed a secured claim unless it were disallowed or an action brought to avoid the lien. [Citation.] According to the facts before us, [Wells Fargo's] claim was not disallowed nor was the lien avoided. 'Valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt.' [Citations.]" (*In re Cortez*, *supra*, 191 B.R. at p. 177, fn. 2.) Absent proof Wells Fargo's lien was disallowed or avoided by the bankruptcy court, that court's discharge "'extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact

---

[7] A deed of trust is perfected upon being recorded in the county recorder's office. (*In re Cortez*, *supra*, 191 B.R. at p. 178; Civ. Code, § 1213.)

6

another—namely, an action against the debtor *in rem*.' [(*Johnson v. Home State Bank* (1991) 501 U.S. 78, 82-83.)]" (*Id.* at p. 178.)

B. *The Trial Court did not Abuse its Discretion in Denying Leave to Amend*

As stated above, the trial court sustained Well Fargo's demurrer without leave to amend. "'Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. [Citation.]'" (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) "'''The term [judicial discretion] implies the absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. [¶] To exercise the power of judicial discretion all the material facts in evidence must be known and considered, together also with the legal principles essential to an informed, intelligent and just decision." [Fn. omitted.]' [Citations.] 'The appropriate [appellate] test for abuse of discretion is whether the trial court exceeded the bounds of reason.' [Citations.]" (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449.)

When a demurrer has been sustained without leave to amend, we must "'decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' (*Blank* [*v. Kirwan* (1985)] 39 Cal.3d [311,] 318.)" (*Sui v. Price* (2011) 196 Cal.App.4th 933, 939, fn. omitted.)

Lorena and Daniel allege they can amend the complaint to add the family trust as a plaintiff and owner of the property. This appears to be in response to the trial court's statement that Lorena and Daniel do not hold legal title to the property and possess only equitable title. Such an amendment would not, however, cure the fatal defect in the complaint—that absent an indication the bankruptcy court disallowed or

avoided Wells Fargo's liens, and Lorena and Daniel do not argue the bankruptcy court did—Wells Fargo is not precluded from foreclosing on their deeds of trust. Lorena and Daniel have not demonstrated it is reasonably probable they can cure the complaint's defect. Consequently, the trial court did not err in sustaining the demurrer without leave to amend.

## III

## DISPOSITION

The judgment is affirmed. Wells Fargo shall recover its costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

8