NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NORTH CANYON RANCH OWNERS ASSOCIATION,
*Plaintiff/Appellant*,

*v.*

PAMELA J. ALLEN, *Defendant/Appellee*.

No. 1 CA-CV 17-0227
FILED 8-23-2018

Appeal from the Superior Court in Maricopa County
No. CV2014-097453
The Honorable David King Udall, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Maxwell & Morgan, PC, Mesa
By B. Austin Baillio
*Counsel for Plaintiff/Appellant*

Hymson Goldstein Pantiliat & Lohr, PLLC, Phoenix
By Dennis P. Brookshire
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

---

**M O R S E**, Judge:

¶1 North Canyon Ranch Owners Association ("Association") appeals the judgment entered in favor of Pamela Allen following a bench trial on the Association's claims for judicial foreclosure and breach of contract, and the subsequent denial of the Association's motion for new trial. For the following reasons, we affirm the superior court's finding that the Association may not collect its pre-bankruptcy fees and charges, vacate the order dismissing the foreclosure action, and remand the case to the superior court for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2 Between 2010 and 2013, Allen failed to pay assessments, fines, and fees owed to the Association by virtue of her ownership of property in Glendale subject to the Association's codes, covenants, and restrictions ("CC&Rs"). In July 2013, the Association obtained a judgment in small-claims court against Allen for $1,757.76 in past-due assessments and $561 in attorneys' fees and costs, plus after-accruing fees and interest. Allen did not make any payments on the judgment or after-accruing assessments, and her delinquency grew.

¶3 In November 2013, Allen filed for bankruptcy protection in the U.S. Bankruptcy Court for the District Court of Arizona, naming the Association as an unsecured creditor. The Association did not file a proof of claim in the bankruptcy proceeding, and in February 2014, the bankruptcy court finalized Allen's bankruptcy and discharged her debts. Shortly before the bankruptcy was finalized, Allen requested from the Association "a new payment schedule with new coupons so [she could] be sure to stay on a timely payment schedule again from here on out," and she has timely paid the semi-annual assessments due after the discharge. The Association continued to incur attorneys' fees related to the delinquent pre-bankruptcy debt.

¶4          On December 24, 2014, the Association filed a complaint seeking, first, foreclosure on a lien securing the past-due assessments, and second, a money judgment for additional sums that had continued to accrue against Allen's pre-bankruptcy account following the date of her bankruptcy discharge.  A trial was held in November 2016.

¶5          After taking the matter under advisement, the trial court found the Association had failed to meet its burden of proving it was entitled to relief, and issued an order dismissing the Association's complaint with prejudice and granting Allen's request for attorneys' fees. After unsuccessfully moving for a new trial, the Association timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1) and (5)(a).

## DISCUSSION

¶6          On appeal, the Association argues that the superior court erred when it (1) concluded the foreclosure was barred by 11 U.S.C. § 524, (2) applied the doctrine of *res judicata* to the foreclosure action, and (3) denied its motion for new trial.  "Where issues involve mixed questions of fact and law, we defer to the court's factual findings unless clearly erroneous, but review the legal conclusions de novo." *KPNX-TV Channel 12 v. Stephens*, 236 Ariz. 367, 369, ¶ 7 (App. 2014).  Contractual interpretation is also a question of law, which we review de novo. *Dunn v. FastMed Urgent Care PC*, 793 Ariz. Adv. Rep. 20, ¶ 10, 2018 WL 3032385 (App. June 19, 2018).  While neither party requested findings of fact pursuant to Arizona Rule of Civil Procedure 52(a), "we will not disturb *sua sponte* findings based on conflicting evidence if there is reasonable evidence to support them." *Nordstrom, Inc. v. Maricopa Cty.*, 207 Ariz. 553, 558, ¶ 18 (App. 2004) (internal quotation marks and citation omitted).

### I.          Effect of Discharge on the Association's Assessment Lien

¶7          The Association argues that the superior court erred in finding that it was an unsecured creditor whose claim was discharged pursuant to 11 U.S.C. § 524.  For the reasons that follow, we conclude that the superior court erred in finding that the Association's lien for "assessments" was discharged in bankruptcy, but affirm the superior court's finding as it applies to fees, costs, and other charges.

### A.  Assessment Lien

¶8          Evidence supports the superior court's finding that, before Allen petitioned for bankruptcy, the Association had a lien upon her

property for unpaid assessments. The CC&Rs and A.R.S. § 33-1807(A) have similar requirements for the creation of an assessment lien. By statute, an owners' association "has a lien on a unit for any assessment levied against that unit from the time the assessment becomes due." A.R.S. § 33-1807(A). Section 3.7(A) of the CC&Rs states that "[a]ny Assessment, or any installment of an Assessment, which is delinquent shall become a continuing lien on the Lot . . . ." Thus, both the statute and the CC&Rs provide for the automatic establishment of an assessment lien when the assessment becomes due, A.R.S. § 33-1807(A), or when the assessment is delinquent, CC&Rs § 3.7(A). Any difference in timing of the establishment of the lien is not relevant to this appeal because either requirement was met.

¶9            It is uncertain whether A.R.S. § 33-1807(A) or the CC&Rs separately creates an independent lien or whether a single assessment lien is created. Because at least one assessment lien was created, we do not address this issue.

¶10           Likewise, we do not address whether the assessment lien was perfected. Perfection pursuant to A.R.S. § 33-1807(E) requires nothing more than recording the CC&Rs. In contrast, the CC&Rs require the Association to send a demand letter to the owner, allow the owner an opportunity to cure the delinquency, and then record a Notice of Claim of Lien before the lien is perfected. CC&Rs § 3.7(C). Because perfection is not required for the Association to foreclose upon its assessment lien, we do not resolve this issue. *In re Babaeian Transp. Co.*, 206 B.R. 536, 540 (Bankr. C.D. Cal. 1997) ("An unperfected security interest is binding between the parties. The lack of perfection creates a problem only when an intervening third party obtains a perfected security interest that trumps the unperfected interest.").

¶11           The Association's assessment lien passed through Allen's bankruptcy unavoided. A lien, perfected or unperfected, that is not avoided passes through bankruptcy and is enforceable against the property. *In re Cortez*, 191 B.R. 174, 177-78 (B.A.P. 9th Cir. 1995). Allen acknowledged that "there was no effort in [the bankruptcy] case to remove the purported lien." 11 U.S.C. §§ 502(a), 506(d), and 545. Also, Allen's inaccurate listing of the Association's lien as unsecured in her bankruptcy petition did not transform the Association into an unsecured creditor or avoid the lien. *See Cortez*, 191 B.R. at 178 ("[W]hile the appellee was listed as an unsecured creditor and the debt was discharged, the appellee was actually a secured creditor under [state] law by virtue of the deed of trust lien which had not been avoided in bankruptcy. Its lien survived the bankruptcy."). Further, the Association was not required to participate in the bankruptcy proceeding to preserve its rights as a lienholder. *See In re*

*Blendheim*, 803 F.3d 477, 485 (9th Cir. 2015) ("A creditor with a lien on a debtor's property may generally ignore the bankruptcy proceedings and decline to file a claim without imperiling his lien, secure in the *in rem* right that the lien guarantees him under non-bankruptcy law: the right to foreclosure."); *Cortez*, 191 B.R. at 179 (finding 11 U.S.C. § 524(a) is not violated when a creditor enforces a lien upon real property through foreclosure); *Stewart v. Underwood*, 146 Ariz. 145, 147 (App. 1985) (noting a secured creditor may join the bankruptcy proceeding or "wait and enforce his rights after the automatic bankruptcy stay is terminated").

¶12 Because the assessment lien survived Allen's bankruptcy, the Association may foreclose upon the assessment lien as permitted by Arizona law. *See Butner v. United States*, 440 U.S. 48, 54-55 (1979) (noting that property rights, including security interests, are governed by state law unless there is a conflicting federal law). "[A]ssessments may be foreclosed in the same manner as a mortgage" if the owner is delinquent in payment of assessments for one year. A.R.S. § 33-1807(A). Allen argues that the pre-petition assessments cannot be delinquent because they were discharged, and she is not delinquent on post-petition assessments. Discharge enjoins the debtor's personal liability but does not erase the debt. *Stewart*, 146 Ariz. at 148; *see also Zavelo v. Reeves*, 227 U.S. 625, 629 (1913) ("[T]he discharge destroys the remedy, but not the indebtedness."); *In re Mahoney*, 368 B.R. 579, 584 (Bankr. W.D. Tex. 2007) ("Bankruptcy does not erase debt; the discharge is only an injunction against attempts to collect the debt as a personal liability of the debtor."); *In re Vogt*, 257 B.R. 65, 70 (Bankr. D. Colo. 2000) ("[T]he discharge does not wipe away the debt. It only serves to eliminate the debtor's personal responsibility to pay the debt."). Thus, Allen is no longer personally liable for the pre-petition assessments, but the debts remain in their delinquent status and may be foreclosed pursuant to A.R.S. § 33-1807.

¶13 Allen argues that the superior court correctly prohibited the collection of pre-petition debts because 11 U.S.C. § 523(a)(16) "provides that only post-petition assessments are not discharged." This misreads the code. Section 523 lists debts that may not be discharged, including fees and assessments that are based upon an ownership interest in an owners' association that come due after the commencement of the bankruptcy action, and clarifies that it does not prevent the discharge of association fees or assessments due before the bankruptcy was filed. 11 U.S.C. § 523(a)(16). Because this section does not require the discharge of pre-petition fees and assessments, it is not relevant to this appeal.

¶14 Allen also argues that the Association waived any right it had to foreclose because it failed to inform her, upon her request, of the delinquent assessment balance, and it accepted her post-bankruptcy, semi-annual assessment payments as payment in full. The evidence in the record does not support either of these arguments. First, Allen's letter, which she sent before her bankruptcy discharge, expressed her uncertainty as to how her next payment should be applied and requested a "new payment schedule" so she could "be sure to stay on a timely payment schedule again from *here on out*." (Emphasis added). Allen intended this note to be a request for information about her delinquent assessments; however, during the hearing, she admitted that the note did not clearly convey her intent and, instead, specifically requested information for future payments. Second, Allen claimed that her post-petition payments "were intended to be payment in full of the semi-annual assessment as noted on the checks," but the checks indicated which assessment year and installment the payments were for and did not indicate they were intended to be payment in full. Because her intention was not conveyed on the payments, we do not need to consider whether a "payment in full" notation would have been sufficient to waive collection of any outstanding assessments.

## B. Fees, Costs, and Other Charges

¶15 The Association acknowledges in its supplemental brief that it chose to present evidence in the pursuit of foreclosure pursuant to its statutory rights and argues that it is not required to meet the CC&Rs' assessment lien requirements. Because the Association chose not to pursue any rights it may have had pursuant to the CC&Rs, we only address whether the Association had a lien for fees and charges pursuant to statute.

¶16 The Association's assessment lien does not include attorneys' fees, costs, and other charges. "Fees, charges, late charges, monetary penalties and interest charged pursuant to § 33-1803, other than charges for late payment of assessments are not enforceable as assessments." A.R.S. § 33-1807(A). A lien for fees and charges is created when an association obtains a judgment and records the judgment in the office of the county recorder. A.R.S. § 33-1807(A). In 2013, the Association obtained a judgment for assessments, attorneys' fees, and charges (costs). However, the Association did not present any evidence that this judgment was recorded. The Association's unrecorded judgment was discharged. A discharge in bankruptcy "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . ." 11 U.S.C. § 524(a)(1). Because the Association had not recorded the judgment, it did not have a lien for the

6

fees and charges, and the judgment was discharged pursuant to 11 U.S.C. § 524.

¶17          Likewise, any pre-petition fees and charges incurred by the Association that were not included in the judgment were discharged. As stated above, these fees and charges were not included in the assessment lien. *See* A.R.S. § 33-1807(A) (requiring a judgment to be obtained and recorded before fees and charges are included in the assessment lien). Thus, they were the personal liability of Allen and discharged in her bankruptcy pursuant to 11 U.S.C. § 524(a)(2).

¶18          Because the Association established its right to an assessment lien and the lien survived bankruptcy, we vacate the superior court's order dismissing the Association's complaint. We affirm the superior court's finding to the extent that it prohibited the Association from collecting on fees and charges that were incurred before Allen petitioned for bankruptcy because those fees and charges were discharged pursuant to 11 U.S.C. §§ 524(a)(1) and (2). However, the Association may collect upon the fees and charges, if any, that became due after Allen filed for bankruptcy. 11 U.S.C. § 523(a)(16). Therefore, we remand the case to the superior court to determine the amount of "reasonable collection fees and . . . reasonable attorney fees and costs incurred with respect to" enforcing the assessment lien after Allen petitioned for bankruptcy. A.R.S. § 33-1807(A).

## II.    Doctrine of Res Judicata

¶19          The Association argues that the superior court erred in applying the doctrine of res judicata to its foreclosure action. It is unclear whether the superior court's res judicata finding was limited to fees and charges, or if it included assessments and charges for the late payment of assessments. Because we find that fees and charges were not included within the assessment lien and were, thus, discharged in Allen's bankruptcy, we do not reach whether res judicata precludes the fees and charges included within the judgment. We still must address, however, whether res judicata prohibits the Association from pursuing foreclosure upon the assessments and charges for the late payment of assessments.

¶20          "Whether *res judicata* applies in particular circumstances is a question of law that we review de novo." *Minjares v. State*, 223 Ariz. 54, 58, ¶ 12 (App. 2009). "Res Judicata is a judicial doctrine grounded in public policy considerations to insure that at some point there will be an end to litigation." *El Paso Nat. Gas Co. v. State*, 123 Ariz. 219, 223 (1979). "Under res judicata, a final judgment on the merits bars further claims by parties or

their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979).

**¶21**        As previously stated, an assessment lien may be foreclosed in the same manner as a mortgage.   A.R.S. § 33-1807(A).   There are two methods for collecting upon a mortgage: "sue and get a judgment at law upon the personal obligation and enforce it by levy upon any property of the debtor (in personam remedy) or . . . foreclose upon the property (in rem remedy)." *Darnell v. Denton*, 137 Ariz. 204, 206 (App. 1983).   The ability to collect is limited by the election statute, which states: "If separate actions are brought on the debt and to foreclose the mortgage given to secure it, the plaintiff shall elect which to prosecute and the other shall be dismissed." A.R.S. § 33-722.   The statute "is limited to the circumstance where both actions are pending simultaneously." *Smith v. Mangels*, 73 Ariz. 203, 207 (1952).   "It has never, however, been construed so as to prevent the holder of a mortgage from suing at law upon notes held by him and secured by such mortgage and subsequently prosecuting an action in the same county in equity for the purpose of enforcing the lien of the mortgage."  *Id.*; *see also Mid Kan. Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 126 (1991) (reaffirming that "the election statute does not preclude a subsequent foreclosure action after judgment on the debt, as is the case in some other states").[1]

**¶22**        Because the Arizona Supreme Court has expressly held that a mortgage may be enforced by a judgment and a subsequent foreclosure, and an assessment lien may be foreclosed upon in the same manner as a mortgage, the doctrine of res judicata does not prevent an association from foreclosing on the assessment lien after obtaining a judgment against the owner.   Therefore, we vacate the superior court's finding that the doctrine of res judicata barred the Association from foreclosing upon its assessment lien.

### III.    Denial of Motion for New Trial

**¶23**        The Association also argues that the superior court erred when it denied its motion for a new trial based upon the arguments addressed above.   We review an order denying a motion for new trial for

---

[1]        The CC&Rs would also allow the Association to pursue a judgment "without waiving the Assessment Lien securing the delinquent Assessments."  CC&Rs § 3.7(D)(i).

an abuse of discretion. *Summers v. Gloor*, 239 Ariz. 222, 225, ¶ 10 (App. 2016).

**¶24** Because we find that the Association's assessment lien was not discharged in Allen's bankruptcy and is not barred by the doctrine of res judicata, we also find that the superior court abused its discretion when it denied the Association's motion.

## IV. Attorneys' Fees and Costs

**¶25** Both parties request an award of attorneys' fees and costs incurred on appeal pursuant to the CC&Rs and A.R.S. §§ 12-341.01 and 33-1807(H). Allen is not the successful party on appeal and her request is denied. As the successful party in an action arising under contract and A.R.S. § 33-1807, we award the Association reasonable attorneys' fees and costs incurred on appeal upon compliance with Arizona Rules of Civil Appellate Procedure 21(b).

## CONCLUSION

**¶26** For the foregoing reasons, we affirm the superior court's finding that the Association may not collect its pre-bankruptcy fees and charges, vacate the order dismissing the foreclosure action, and remand the case to the superior court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA