Filed 3/10/21  Roe v. The Bank of New York Mellon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| KARMEL ROE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON et al.,<br><br>    Defendants and Respondents. | E073763<br><br>(Super.Ct.No. CIVDS1719905)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Affirmed.

Karmel Roe, in pro. per., for Plaintiff and Appellant.

Troutman Sanders and Patrick J. Kane for Defendants and Respondents.

Karmel Roe brought this action to stop the foreclosure sale of her home.  She has filed two prior actions seeking the same relief.  Defendants Bank of New York Mellon (Mellon), Wells Fargo, N.A. (Wells Fargo), and Mortgage Electronic Registration Systems, Inc. (MERS) demurred to the first amended complaint (FAC).  The trial court

1

sustained the demurrer without leave to amend, concluding that the doctrine of res judicata barred the FAC. The court entered a judgment of dismissal for defendants. We affirm.

BACKGROUND

According to the allegations of the FAC and its exhibits, Roe became the owner of the subject property in January 2006. She executed a deed of trust on the property securing a note for $439,882. MERS was the beneficiary under the deed of trust and the nominee of the lender and the lender's successors and assigns. The lender recorded the deed of trust in January 2006. Wells Fargo was the servicer of Roe's mortgage loan.

Roe's mortgage was securitized by assigning it to an investment trust. Specifically, in October 2009, MERS assigned the deed of trust and note to Mellon in Mellon's capacity as trustee of the Structured Asset Mortgage Investments II Trust 2006-AR3 (the 2006 Trust).

Roe's attempts to challenge the foreclosure process started in 2011. In connection with the demurrer, the trial court granted defendants' request for judicial notice of records in her two prior actions—the first filed in 2011 (the 2011 Action) and the second filed in 2014 (the 2014 Action).[1]

---

[1]    In the trial court, defendants filed a request for judicial notice of thirteen exhibits. The clerk's transcript omits the last three of those exhibits, which were pleadings from the prior actions. Defendants filed a motion to augment the record with those exhibits or, in the alternative, a request for judicial notice. Their motion also includes a fourth document that was not part of the request for judicial notice in the trial court. In June 2020, we issued an order deeming the motion to augment a request for judicial notice. We grant the request for judicial notice of the three exhibits that were omitted

I.    *The 2011 Action*

Roe filed the 2011 Action in San Bernardino County Superior Court.  (*Roe v. Countrywide Home Loans, Inc. et al.* (No. CIVDS1112887).)  Mellon and another defendant removed the case to the federal district court.  (*Roe v. Bank of America, N.A. et al.* (No. 5:11-cv-01991-TJH-DTB).)  In December 2014, Roe filed a first amended complaint alleging 10 causes of action against numerous defendants, including MERS, Mellon as trustee of the 2006 Trust, and two loan servicing entities.  Roe alleged that the defendants lacked the authority to foreclose because (1) the 2009 assignment of the deed of trust occurred after the closing date of the 2006 Trust and was therefore void, (2) the signatures of the MERS official and the notary were forged on the assignment, and (3) the note was never physically delivered to the 2006 Trust.

The defendants moved to dismiss the first amended complaint, and the district court granted the motion and dismissed the complaint with prejudice in February 2015. The court ruled that Roe lacked standing to challenge the documents relating to the securitization of her mortgage loan.  The Ninth Circuit Court of Appeals affirmed the judgment of dismissal in February 2017.

II.    *The 2014 Action*

Roe also filed the 2014 Action in San Bernardino County Superior Court.  (*Roe v. Nationstar Mortgage, LLC et al.* (No. CIVDS1418338).)  In July 2015, she filed a first amended complaint alleging six causes of action against MERS, Mellon as trustee of the

from the clerk's transcript (exhibits 1, 3, & 4) and deny the request for judicial notice of the fourth document that was not part of the record in the trial court (exhibit 2).

2006 Trust, and other defendants. Once more, Roe alleged that the defendants had no right to foreclose because (1) the 2009 assignment of the deed of trust occurred after the closing date of the 2006 Trust and was therefore void, (2) the MERS and notary signatures were forged, and (3) the defendants did not hold the note.

In August 2017, the court granted a defense motion for summary judgment. It concluded that Roe lacked standing to challenge the 2009 assignment of the deed of trust. It also rejected her "'holder of the note'" theory on the basis of *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154-1155 (note holder could name a nominee to act on its behalf, and California's comprehensive nonjudicial foreclosure scheme did not permit a lawsuit to determine whether the nominee was authorized by the note holder to initiate foreclosure). The court entered judgment for that moving defendant (Nationstar Mortgage LLC, which Roe has not named in this case). There is no evidence that Roe appealed that judgment.

III.    *The FAC and Defendants' Demurrer*

Roe brought the instant action in October 2017. While the FAC alleged that "the wrong entities are initiating foreclosure and are using fraudulent recorded assignments," the FAC did not specify which defendant is seeking to foreclose, nor did it specify whether a trustee's sale had been scheduled. The FAC alleged that "[d]efendants" collectively had no right to foreclose for reasons alleged in Roe's prior actions—namely, the untimely assignment of the deed of trust to the 2006 Trust, the forged signatures of the MERS official and the notary, and defendants' failure to hold the "Tangible Note." The FAC alleged two more theories not alleged in the prior actions: (1) In 2013, MERS

4

assigned the deed of trust to Nationstar Mortgage LLC.  The 2013 assignment contradicted the 2009 assignment, rendering both of them void.  Moreover, MERS had no authority to effect the second assignment.  (2) Roe had discharged her debt in a bankruptcy proceeding, and defendants failed to appear in that case and prove their claim.  The FAC alleged a cause of action styled "lack of standing to foreclose" and other causes of action for quiet title, slander of title, injunctive relief, and declaratory relief.

Defendants demurred and argued that the FAC was barred by res judicata, and they also advanced several alternative arguments.  The trial court sustained the demurrer without leave to amend and entered a judgment of dismissal for defendants.  It ruled that the FAC was barred by res judicata on the basis of the 2011 and 2014 Actions.  Specifically, the court determined that Roe had based her prior actions and the FAC on the same theories—the untimely assignment of the deed of trust, the forged signatures of MERS and the notary, and defendants' failure to hold the note.  The court also concluded that the two prior actions had resulted in final judgments on the merits, and the actions had involved the same parties or parties in privity with defendants.

In the alternative, the court ruled that Roe lacked standing to challenge the untimely assignment to the 2006 Trust and the allegedly forged signatures on the assignment.  The court also concluded that MERS had the authority to assign the deed of trust and that Roe had failed to allege facts showing defendants had no right to pursue foreclosure.

STANDARD OF REVIEW

A demurrer tests whether a complaint states a cause of action as a matter of law. (*Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 809.) We independently determine whether the complaint states facts sufficient to constitute a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.'" (*Ibid.*) We review the court's decision to deny leave to amend for abuse of discretion. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Although the foregoing standards guide our review, we presume that an appealed order or judgment is correct, and the appellant bears the burden of establishing reversible error. (*Eghtesad v. State Farm General Insurance Company* (2020) 51 Cal.App.5th 406, 411; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) "We are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

DISCUSSION

Roe fails to demonstrate that the trial court committed prejudicial error by sustaining defendants' demurrer on the basis of res judicata. Similarly, she fails to demonstrate that the court abused its discretion by denying her leave to amend.

I.      *Res Judicata*

Res judicata is an umbrella term encompassing both claim preclusion and issue preclusion (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823-824 (*DKN*

*Holdings*)), and defendants argued that both aspects of the doctrine applied in this case. The two forms of preclusion have different requirements. (*Id.* at p. 824.)

A. *Issue Preclusion*

"[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*DKN Holdings*, *supra*, 61 Cal.4th at p. 825.)

Issue preclusion bars the FAC in large part. Both of Roe's prior actions alleged that the 2009 assignment of the deed of trust was void because it was untimely and forged. Both prior actions also alleged that the defendants did not hold the note. And in both prior actions, the courts rejected the theories in ruling on a motion to dismiss or a summary judgment motion. Those rulings are now final. Roe alleged the same theories in the FAC, but she is precluded from relitigating those issues.

B. *Claim Preclusion*

Claim preclusion "'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'" (*DKN Holdings*, *supra*, 61 Cal.4th at p. 824.) It also requires "a final judgment on the merits in the first suit." (*Ibid*.) "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the "primary rights" theory.'" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 (*Boeken*).) Under that theory, a cause of action is composed of the plaintiff's right to be free from the particular injury suffered, a corresponding duty of the defendant, and a

wrongful act constituting a breach of that duty. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904 (*Mycogen Corp.*).) "[T]he determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right," regardless of the specific remedy sought or the legal ground for relief advanced. (*Boeken*, *supra*, at p. 798.)

"'The most salient characteristic of a primary right is that it is indivisible . . . .'" (*Mycogen Corp.*, *supra*, 28 Cal.4th at p. 904.) A plaintiff may not divide a primary right and enforce it in multiple actions. (*Ibid.*; see also *id*. at p. 897 ["[A]ll claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date"].) If claims involving the same primary right could have been raised in the first proceeding but were not, they are barred. (*Noble v. Draper* (2008) 160 Cal.App.4th 1, 11.)

Here, the FAC alleged a new theory premised on the 2013 assignment of the deed of trust. To the extent that the 2013 assignment constituted grounds for relief, claim preclusion applies. The same harm is at issue in all three of Roe's actions—an allegedly unauthorized or invalid foreclosure process—and consequently the same primary right to be free from that harm. Roe could have raised the 2013 assignment as grounds for relief in the 2011 Action. She filed the first amended complaint in that action in December 2014, well after the 2013 assignment. Mellon and MERS were defendants in the 2011 Action, which resulted in a final judgment on the merits for them. Although Wells Fargo was not a defendant, Roe does not challenge the trial court's finding of privity with the prior defendants.

Instead, Roe argues that res judicata does not apply "[w]hen there are changed conditions and new facts that *were not in existence* at the time the [prior] action was filed." (Italics added.) She does not identify what those changed conditions or new facts are in this case. But assuming that she means the 2013 assignment, as just discussed, the assignment was in existence at the time she amended her complaint in the 2011 Action.

The FAC alleged a second new theory—the bankruptcy court's discharge of Roe's debt. The FAC does not specify when that occurred, and defendants did not ask the court to take judicial notice of any documents that evidence the date of the alleged discharge. However, the discharge order appears in the record because Roe requested judicial notice of the order in connection with a motion for judgment on the pleadings. The discharge order is dated June 28, 2013. Roe's claim based on the discharge order is therefore barred: She could have and should have raised it in the 2011 Action, when she amended her complaint in December 2014. Claim preclusion prohibits this sort of piecemeal litigation. (*Mycogen Corp.*, *supra*, 28 Cal.4th at p. 897.)

In any event, as defendants argued in their demurrer points and authorities, the alleged discharge of Roe's debt in bankruptcy proceedings fails to state a cause of action for other reasons. "[I]n case of debtor default on a mortgage, a creditor is not limited to a right of foreclosure on the property; a creditor may also sue the debtor personally for any deficiency on the debt that remains after foreclosure." (*HSBC Bank USA, N.A. v. Blendheim* (*In re Blendheim*) (9th Cir. 2015) 803 F.3d 477, 486.) A bankruptcy discharge eliminates the mortgage creditor's ability to proceed personally against the debtor, but the creditor retains the right to foreclose on the property. (*Ibid.*) "A creditor

9

with a lien on a debtor's property may generally ignore the bankruptcy proceedings and decline to file a claim without imperiling his lien, secure in the *in rem* right that the lien guarantees him under non-bankruptcy law: the right of foreclosure." (*Id*. at p. 485.) Accordingly, it does not matter whether defendants failed to file a claim in Roe's bankruptcy proceeding or whether the court discharged her debt. The recorded deed of trust created a valid, perfected lien on the subject property that survived the discharge. (*Cortez v. American Wheel* (*In re Cortez*) (Bankr.9th Cir. 1995) 191 B.R. 174, 177-178.)

In sum, Roe fails to demonstrate that the court prejudicially erred by sustaining the demurrer. Issue preclusion and claim preclusion barred the FAC.

II.    *Leave to Amend the FAC*

As to the court's denial of leave to amend, Roe fails to show an abuse of discretion. Roe bears the burden of demonstrating "a reasonable possibility" that she could cure the FAC's defects through amendment, and to carry that burden she must identify the specific facts she could allege and explain how those facts would cure the defects. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081; *Total Call Internat. Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161, 166, 173.) But in opposition to the demurrer, Roe merely stated that she would add "two additional parties and two additional causes of action." On appeal, she asserts that she can "prove to the court that indeed plaintiff is not precluded from filing and pleading her claim," and she identifies three parties and four causes of action that she would add. None of those statements explains how the proposed amendments would overcome the preclusive effect of the prior actions.

10

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs of appeal.  (Cal.

Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ       
J.


We concur:

RAMIREZ       
P. J.

CODRINGTON    
J.