

FILED

OCT 27 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CALDEL HOLDINGS, LLC,<br>　　　　　　　Debtor. | BAP No. NC-21-1083-BFS<br><br>Bk. No. 18-30409 |
| PETER R. CHERNIK, Individually, and as<br>a Member of CalDel Holdings, LLC,<br>　　　　　　　Appellant,<br>v.<br>ANDREA A. WIRUM, Chapter 7 Trustee;<br>RICHARD PIEROTTI, CPA; UST-UNITED<br>STATES TRUSTEE, SAN FRANCISCO,<br>　　　　　　　Appellees. | **MEMORANDUM\*** |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Before: BRAND, FARIS, and SPRAKER, Bankruptcy Judges.

　　Appellant Peter R. Chernik appeals an order denying his motion to reopen the bankruptcy case of CalDel Holdings, LLC ("CalDel") under § 350(b).[1] Chernik sought to reopen the case to get the chapter 7 trustee to file amended state tax returns for CalDel. Chernik also wanted to challenge the fees previously awarded to the trustee and her professionals.

---

　　\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

When ruling on a motion to reopen, bankruptcy courts should ordinarily avoid addressing the merits of any legal or factual disputes underlying the motion to reopen. *See Staffer v. Predovich (In re Staffer),* 306 F.3d 967, 972 (9th Cir. 2002). However, when the undisputed facts in the record unequivocally establish that reopening the case would be a "pointless exercise," the bankruptcy court may decline to reopen the case on that basis. *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1434 (9th Cir. 1993); *see also Cortez v. Am. Wheel, Inc. (In re Cortez)*, 191 B.R. 174, 179 (9th Cir. BAP 1995).

Because Chernik's reasons for reopening the case have already been decided against him and not appealed, or were waived by him, reopening the case would have been a "pointless exercise" and served no purpose. [2]

While the case was open, the trustee sought and obtained an order from the bankruptcy court authorizing her to file the tax returns identifying Chernik as the sole member of CalDel. The bankruptcy court overruled Chernik's objections to the tax returns and entered an order authorizing the trustee to file the returns as prepared and to pay the LLC franchise fees. Chernik did not appeal the tax order entered on July 19, 2019.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Civil Rule 60(b) did not provide a basis for reopening the case. A claim for relief under Civil Rule 60(b)(1), (2) or (3) would be untimely since the orders at issue were more than one year old before Chernik filed his motion to reopen. Civil Rule 60(c)(1). Civil Rule 60(b)(4) and (5) would not apply. Chernik did not provide any reasons justifying relief under Civil Rule 60(b)(6).

Later, the trustee and her professionals filed their final fee applications. Chernik objected to the fees for the trustee and her counsel as excessive. He did not dispute the accountant's fees. After a hearing, the bankruptcy court entered orders overruling Chernik's objections and approving the fee applications for the trustee and her professionals in the amounts requested. Chernik did not appeal the fee orders entered on November 21, 2019.

We also disagree with Chernik's argument that only the trustee or her accountant has standing to file amended state tax returns for CalDel and that the bankruptcy court wrongly suggested that Chernik could file them. While CalDel and Chernik were divested of authority to control CalDel's financial affairs while the chapter 7 case was pending, such authority was revested in them once the trustee was discharged from her duties. Thus, Chernik can file an amended return if he so chooses.[3]

We AFFIRM.

---

[3] Chernik's citation to 26 CFR § 301.7701-15, subd. (a) & (b) to support his argument that only the trustee's accountant can file an amended return since he prepared the original is misplaced. First, that is a federal statute, not a California one. Further, it provides only the definition of a "tax return preparer;" it says nothing about who can or cannot file an amended tax return.